STEVENS & LEE
Robert P. Donovan (*pro hac vice*)
robert.donovan@stevenslee.com
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone: (201) 857-6778
Facsimile: (610) 371-7938

WILLENKEN LLP
Kirby Hsu (Bar No. 312535)
khsu@willenken.com
707 Wilshire Boulevard, Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

Attorneys for Defendants,
ARIZONA BEVERAGES USA, LLC and
HORNELL BREWING CO., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFINQUE JAMISON,<br><br>Plaintiff,<br><br>v.<br><br>ARIZONA BEVERAGES USA LLC and HORNELL BREWING CO., INC.,<br><br>Defendants. | CASE NO. 3:23-cv-00920-VC<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT |

**TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 27, 2023, at 10:00 am, or as soon thereafter as the matter may be heard, before the Honorable Vince Chhabria, United States District Judge, at the San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 4, San Francisco, California,

---
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

06/22/2023 SL1 1935655v1 115260.00013

defendants, Arizona Beverages USA, LLC and Hornell Brewing Co., Inc. ("Defendants"), will and hereby do move to dismiss Plaintiff's First Amended Complaint ("FAC"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), on the following grounds:

1. Plaintiff lacks standing under Article III to seek injunctive relief.

2. Plaintiff cannot seek equitable relief, in the form of restitution and/or unjust enrichment, due to the failure to plead that an inadequate remedy at law exists.

3. The fraud claim, as pertaining to alleged false advertising, print and/or digital marketing statements, lacks the particularity required under Fed R. Civ. P. 9(b).

This motion is based upon this motion, the accompanying memorandum of points and authorities, the record in this action, and all matters in which the Court may take notice and any arguments presented at the time of hearing.

Dated: June 22, 2023

/s/ Robert P. Donovan
ROBERT P. DONOVAN

STEVENS & LEE
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone: (201) 857-6778
Facsimile: (201) 857-6761
Robert.donovan@stevenslee.com

*Attorneys for Defendants,*
*Arizona Beverages USA, LLC and*
*Hornell Brewing Co., Inc.*

---

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

06/22/2023 SL1 1935655v1 115260.00013

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

I. SUMMARY OF ARGUMENT/STATEMENT OF ISSUES PRESENTED ................. 1

II. PROCEDURAL HISTORY ............................................................................................ 1

III. ARGUMENTS AND AUTHORITIES ........................................................................... 2

    A. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted ................. 2

        1. Applicable Standard ................................................................................ 2

    B. By Not Plausibly Alleging Actual and Imminent Future Injury, Plaintiff Lacks Article III Standing to Seek Injunctive Relief ............................ 2

    C. Plaintiff Fails to State a Claim for Equitable Relief in the Form Of Restitution and Unjust Enrichment Because Plaintiff Does Not Allege That an Inadequate Remedy at Law Exists ............................... 5

    D. The Fraud Claims, Concerning Unidentified Advertising, Print And Digital Marketing, Lack the Particularity Required Under Rule 9(b) ......................................................................................................... 7

CONCLUSION .................................................................................................................... 9

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
i

06/22/2023 SL1 1935655v1 115260.00013

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Almeida v. Apple, Inc.*,
    2022 WL 1514665 (N.D. Cal. May 13, 2022) ................................................................. 6, 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................ 2

*Astiana v. Hain Celestial*,
    783 F.3d 753 (9th Cir. 2015) ............................................................................................ 5, 6

*Balistreri v. Pacifica Police Dep't.*,
    901 F.2d 696 (9th Cir. 1988) ............................................................................................... 2

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................ 2

*Bly-Magee v. California*,
    236 F.3d 1014 (9th Cir. 2001) ............................................................................................. 8

*Cetacean Cmty. v. Bush*,
    386 F.3d 1169 (9th Cir. 2004) ............................................................................................. 3

*Chapman v. Pier 1 Imps. (U.S.), Inc.*,
    631 F.3d 939 (9th Cir. 2011) ............................................................................................... 3

*Cimoli v. Alacer Corp.*,
    546 F. Supp. 3d 897 (N.D. Cal. 2023) ............................................................................. 4, 5

*City of Arcadia v. U.S. Env't. Prot. Agency*,
    411 F.3d 1103 (9th Cir. 2005) ............................................................................................. 2

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983) .............................................................................................................. 3

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013) ............................................................................................................ 3

*Davidson v. Kimberly-Clark Corporation*,
    889 F. 3d 956 (9th Cir 2018) ....................................................................................... 3, 4, 5

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
ii

06/22/2023 SL1 1935655v1 115260.00013

*Dist. Council 16 N. California Health & Welfare Tr. Fund v. Hulsey Contracting Inc.*,
  2021 WL 2778996 (N.D. Cal. July 2, 2021)......................................................................3

*Durell v. Sharp Healthcare*,
  183 Cal. App. 4th 1350 (2010) ......................................................................................5

*Fayer v. Vaughn*,
  649 F.3d 1061 (9th Cir. 2011) ........................................................................................2

*Garrison v. Whole Foods Market Group, Inc.*,
  2014 WL 2451290 (N.D. Cal. June 2, 2014) .................................................................7

*In Re Coca Cola Products Marketing and Sales Practices Litigation*,
  2021 WL 387654 (9th Cir. 2021) ...................................................................................5

*In re GlenFed, Inc. Secs. Litig.*,
  42 F.3d 1541 (9th Cir. 1994) ..........................................................................................7

*In Re Njoy, Inc. Consumer Class Action Litigation*,
  2014 WL 12586074 (C.D. Cal. Oct. 20, 2014)...............................................................8

*Hanscom v. Reynolds Consumer Prod. LLC*,
  2022 WL 591466 (N.D. Cal. Jan. 21, 2022) ..................................................................6

*Jogani v. Superior Court*,
  165 Cal. App. 4th 901 (2008) ........................................................................................6

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ....................................................................................7, 8

*Nacarino v. Chobani, LLC*,
  WL 3487117 (N.D. Cal. Aug. 9, 2021) ..........................................................................6

*Neubronner v. Milken*,
  6 F.3d 666 (9th Cir. 1993) ..........................................................................................7, 8

*Rahman v. Mott's LLP*,
  2018 WL 4585024 (N.D. Cal. Sept. 25, 2018) ..............................................................5

*Roffman v. Rebbl, Inc.*,
  2023 WL 1420724 (N.D. Cal. Jan. 31, 2023).................................................................6

*Rutherford Holdings, LLC v. Plaza Del Rey*,
  223 Cal. App. 4th 221 (2014) ........................................................................................6

*Scilex Pharm. Inc. v. Sanofi-Aventis U.S. LLC*,
  552 F. Supp. 3d 901 (N.D. Cal. 2021) ...................................................................................3

*Sharma v. Volkswagen AG*,
  524 F. Supp. 3d 891 (N.D. Cal. 2021) ...................................................................................7

*Sonner v. Premier Nutrition Corporation*,
  971 F.3d 834 (9th Cir. 2020) ....................................................................................1, 5, 6, 7

*Sultanis v. Champion Petfoods USA Inc.*,
  2021 WL 3373934 (N.D. Cal. Aug. 3, 2021) .........................................................................2

*Summers v. Earth Island Inst.*,
  555 U.S. 488 (2009) ...............................................................................................................3

*United States ex rel. James v. Adventist Health Sys./W.*,
  2023 WL 1457528 (N.D. Cal. Feb. 2, 2023) ..........................................................................8

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ................................................................................................7

*W. Mining Council v. Watt*,
  643 F.2d 618 (9th Cir. 1981) ..................................................................................................2

**Statutes**

Cal. Business & Professions Code, § 17200, *et seq.* ..............................................................1, 5, 6

Cal. Business & Professions Code, § 1750, *et seq.* ............................................................1, 2, 5, 6

Cal. Business & Professions Code, § 17500, *et seq.* ...................................................................1, 6

**Rules**

Fed. R. Civ. P. 9(b) ................................................................................................................ *passim*

Fed. R. Civ. P. 12(b)(1) ..............................................................................................................1, 2, 3

Fed. R. Civ. P. 12(b)(6) ...................................................................................................................1, 2

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

iv

06/22/2023 SL1 1935655v1 115260.00013

## I. SUMMARY OF ARGUMENT/STATEMENT OF ISSUES PRESENTED

Defendants, Arizona Beverages USA, LLC and Hornell Brewing Co., Inc. ("Defendants"), submit the within memorandum of law in support of their motion to dismiss the First Amended Complaint ("FAC") filed by plaintiff, Infinque Jamison ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  As is set forth more fully below, just grounds exist to grant the motion because:

- Plaintiff Lacks standing to seek injunctive relief under Article III of the United States Constitution due to the failure to assert plausible allegations of the threat of actual and imminent future injury.

- Consistent with *Sonner v. Premier Nutrition Corporation,* 971 F.3d 834, 841 (9th Cir. 2020), because the FAC does not contain allegations that an inadequate remedy at law exists, Plaintiff cannot seek equitable relief in the form of restitution and/or unjust enrichment.

- Contrary to Fed. R. Civ. P. 9(b), the fraud claims that are based upon unidentified advertising, print and digital marketing statements fail to particularize the "what," "where," "when," and "how" concerning those alleged misrepresentations.

## II. PROCEDURAL HISTORY

This matter arises out of a complaint filed on March 1, 2023.  (ECF No. 1).  Plaintiff filed the FAC on May 22, 2023.  (ECF No. 28).  Plaintiff alleges that the label on Defendants' Arizona Mixed Fruit Snacks product (the "Product"), stating "No Preservatives," is deceptive because the Product contains citric acid, which is alleged to be a preservative. (*Id.*, ¶¶ 2-6). Plaintiff asserts claims under:  (1) the California's Unfair Competition Law (Cal. Business & Professionals Code, § 17200, *et seq.*) ("UCL"); (2) the California's False Advertising Law (Cal. Business & Professions Code, § 17500, *et seq.*) ("FAL"); (3) the California Consumer Legal Remedies Act

(Cal. Business & Professions Code § 1750, *et seq.*) ("CLRA"); and (4) unjust enrichment. (*Id.*, ¶¶ 70–145).

### III. ARGUMENTS AND AUTHORITIES

**A.** **Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted**

**1.** **Applicable Standard**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate where a plaintiff's complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See, e.g., City of Arcadia v. U.S. Env't. Prot. Agency*, 411 F.3d 1103, 1106 n.3 (9th Cir. 2005) (citing *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988)). Although factual allegations are accepted as true, courts "do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn,* 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Under the Supreme Court's heightened plausibility standard for pleading, a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to survive dismissal. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). The complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Id.* "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).

**B.** **By Not Plausibly Alleging Actual and Imminent Future Injury, Plaintiff Lacks Article III Standing to Seek Injunctive Relief**

Pursuant to the Federal Rule of Civil Procedure, "[a] Rule 12(b)(1) motion will be granted if the complaint, considered in its entirety, fails on its face to allege facts sufficient to establish subject matter jurisdiction." *Sultanis v. Champion Petfoods USA Inc.*, No. 21-CV-00162-EMC,

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 2 -

06/22/2023 SL1 1935655v1 115260.00013

2021 WL 3373934, at *3 (N.D. Cal. Aug. 3, 2021). "If a plaintiff lacks Article III standing to bring a suit, the federal court lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1)." *Scilex Pharm. Inc. v. Sanofi-Aventis U.S. LLC,* 552 F. Supp. 3d 901, 909 (N.D. Cal. 2021) (citing *Cetacean Cmty. v. Bush,* 386 F.3d 1169, 1174 (9th Cir. 2004)). *See also Dist. Council 16 N. California Health & Welfare Tr. Fund v. Hulsey Contracting Inc.*, No. 20-CV-02863-JCS, 2021 WL 2778996, at *4 (N.D. Cal. July 2, 2021) (stating "A plaintiff's standing under Article III of the United States Constitution is a component of subject matter jurisdiction properly challenged under Rule 12(b)(1).") (internal citations omitted).

Under Article III's standing requirement for injunctive relief, a plaintiff must allege that a "real or immediate threat" exists that he or she will be wronged again. *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983); *see also Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) ("[T]o establish standing to pursue injunctive relief... [plaintiff] must demonstrate a 'real and immediate threat of repeated injury' in the future."). The "'threatened injury must be certainly impending to constitute injury in fact,' and ... 'allegations of possible future injury' are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal citations omitted). The alleged threat cannot be "conjectural" or "hypothetical." 461 U.S. at 101-02. "[A] previously deceived consumer may have standing to seek an injunction against *false* advertising or labeling, even though the consumer now knows or suspects that the advertising was *false* at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Davidson v. Kimberly-Clark Corporation*, 889 F. 3d 956, 969 (9th Cir 2018) (quoting *Summers v. Earth Island Inst.,* 555 U.S. 488, 493 (2009) (emphasis supplied in *Davidson*).

Plaintiff alleges that she would purchase the Product again in the future if: (1) Defendants removed preservatives, or (2) the Products were no longer deceptively labeled. (FAC, ¶ 15d). Plaintiff fails to plausibly allege standing because there is no likelihood of future harm if Plaintiff purchased the Product after Defendants removed the alleged preservative. By removing the alleged preservative, Plaintiff would have bought the Product sought (i.e. preservative free). Likewise, as a matter of common sense, no plausible future injury would occur if Plaintiff bought the Product without the offensive "No Preservative" statement on the label as no deception would take place.

A distinctive feature in *Davidson* was that the plaintiff there plausibly pled an inability to rely on the product's label in the future because that plaintiff had no way of knowing the product was a flushable wipe until after purchase and use. *Id.* at 970-92. In contrast, Plaintiff here does not allege an interest in purchasing the Product again in the future, as currently labeled, based upon incorrect, but reasonable, assumptions that the ingredients were changed so that no preservatives are contained in such products. Instead, Plaintiff generally alleges an inability to rely on Defendant's representations. (*Id.*, ¶ 134). That allegation also does not constitute the type of plausible allegations of threatened future injury addressed in *Davidson*. Unlike *Davidson*, Plaintiff would merely have to look at the statements of ingredients, not alleged to be false, prior to purchase, to determine whether or not citric acid is contained as an ingredient.

Other courts have considered a plaintiff's ability or inability to know whether a representation is truthful when determining standing for injunctive relief under *Davidson*. *See Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 906 (N.D. Cal. 2023) (stating that the *Davidson* plaintiff had Article III standing because that plaintiff had no way of determining whether the representation of flushable wipes was in fact true without purchasing the wipes, and finding that

"unlike the plaintiff in *Davidson*, plaintiff has not (and cannot) reasonably claim that he has no way of determining whether Defendant's representations are true") (other citations and quotations omitted); *see also Rahman v. Mott's LLP,* 13-cv-03482-SI, 2018 WL 4585024, at *3 (N.D. Cal. Sept. 25, 2018) (finding that, "[u]nlike *Davidson*, where a consumer's inability to rely on packaging misrepresentations in the future was the ongoing injury, [plaintiff] is able to rely on the packaging now that he understands the 'No Sugar Added' label."); and *In Re Coca Cola Products Marketing and Sales Practices Litigation*, 2021 WL 387654, at *1 (9th Cir. 2021) (observing that, because the claimed informational injury in *Davidson* (i.e. the inability to rely on the statement whether the wipes were truly flushable, as advertised), was particular to that plaintiff, the allegations of such future informational injury was found to be concrete).

Like the plaintiffs in *Cimoli* and *Rahman*, Plaintiff's assertions fail to present plausible allegations of a real and immediate threat of future harm sufficient to confer standing to seek injunctive relief and just grounds exist to dismiss the claims for injunctive relief under Article III.

### C. Plaintiff Fails to State a Claim for Equitable Relief in the Form of Restitution and Unjust Enrichment Because Plaintiff Does Not Allege That an Inadequate Remedy at Law Exists

In *Sonner*, the Ninth Circuit held that "a federal court must apply traditional equitable principles before awarding restitution under the UCL and CLRA." *Sonner,* 971 F.3d at 841. In doing so, the court affirmed the dismissal of a complaint by the trial court ruling that a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Id.* at 844.

Additionally, as stated in *Astiana v. Hain Celestial*, 783 F.3d 753, 762 (9th Cir. 2015), "there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution'." *Id.* at 762 (citing and quoting *Durell v. Sharp Healthcare,* 183 Cal. App. 4th 1350

(2010) and *Jogani v. Superior Court,* 165 Cal. App. 4th 901, 910 (2008)). The Ninth Circuit in *Astiana* held that when a plaintiff alleges unjust enrichment, "a court may 'construe the cause of action as a quasi-contract claim seeking restitution'." *Id.* (citing and quoting *Rutherford Holdings, LLC v. Plaza Del Rey,* 223 Cal. App. 4th 221, 230 (2014)).

Subsequent decisions have relied upon *Sonner* to dismiss equitable claims seeking restitution when unaccompanied by plausible allegations that the plaintiffs lack an adequate remedy at law. *See Roffman v. Rebbl, Inc.,* No. 22-CV-05290-JSW, 2023 WL 1420724, at *6 (N.D. Cal. Jan. 31, 2023) (dismissing plaintiff's claims for equitable relief where plaintiff failed to establish damages sought are inadequate or incomplete); *Hanscom v. Reynolds Consumer Prod. LLC,* No. 21-CV-03434-JSW, 2022 WL 591466, at *3 (N.D. Cal. Jan. 21, 2022) (dismissing plaintiff's claims for equitable relief where plaintiff failed to plead facts establishing legal remedies are inadequate or incomplete); *Nacarino v. Chobani, LLC,* No. 20-CV-07437-EMC, 2021 WL 3487117, at *13 (N.D. Cal. Aug. 9, 2021) (dismissing claims for restitution and disgorgement where plaintiff failed to allege any specific facts showing that damages are inadequate); *see also Almeida v. Apple, Inc.,* No. 21-CV-07109-VC, 2022 WL 1514665, at *1 (N.D. Cal. May 13, 2022) (dismissing claims for equitable relief because the complaint failed to provide a theory that differs in any meaningful way from the plaintiffs' claims for damages and failed to allege plaintiffs lacked an adequate remedy at law).

Plaintiff sues for money damages under the CLRA. (FAC, ¶¶ 135 and Prayer for Relief Par. E). Plaintiff also claims restitution under the UCL, FAL, and unjust enrichment claims. (*Id.,* ¶¶ 10, 15d, 88, 97, 106, 108-09, 119 and Prayer for Relief Par. C, D). All of Plaintiff's claims for relief are based upon the same alleged conduct (*Id.,* ¶¶ 74-145) in that Plaintiff alleges financial

harm and/or losing money as a result of Defendants' conduct. (*Id.*, ¶¶ 59, 80, 89, 98, 107, 118 and 135).

Where the alleged injury is a loss of money, money damages are an adequate remedy. *See Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907–08 (N.D. Cal. 2021) (rejecting plaintiffs' argument that damages are not an adequate remedy for harm resulting in loss of money); *see also Garrison v. Whole Foods Market Group, Inc.*, 13-cv-05222-VC, 2014 WL 2451290, at *6 (N.D. Cal. June 2, 2014) (holding that a claim for unjust enrichment, that duplicates a plaintiff's claim under other statutes or the common law, may be dismissed).

However, Plaintiff does not allege that equitable relief in the form of restitution is necessary due to the lack of an inadequate remedy at law. That material deficiency in the pleading, pursuant to the rationale under *Sonner*, authorizes dismissal of all claims for equitable relief in the form of restitution and unjust enrichment.

### D. The Fraud Claims, Concerning Unidentified Advertising, Print and Digital Marketing, Lack the Particularity Required Under Rule 9(b)

To plead fraud under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *In re GlenFed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (citations omitted). To satisfy Rule 9(b), "[a]verments of fraud must be accompanied by the[sic] 'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citations omitted). The complaint must be "specific

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

- 7 -

enough to give defendants notice of the particular misconduct." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner*, 6 F.3d at 672).

In addition to labels, Plaintiff claims misrepresentations are present in Defendants' marketing and/or advertisements. (FAC, ¶¶ 2, 10, 17b, 46, 48, 74, 63b, 83, 88, 91, 92, 97, 101, 126, 128 and 130). Plaintiff asserts that "Defendants misrepresented material facts concerning the Products in print and digital marketing of every product." (*Id.*, ¶ 63b). However, Plaintiff does not plead what was stated in these advertisements, print and digital marketing statements, when and where these statements appeared, and whether they were viewed by Plaintiff.

In order to state a claim for fraud based upon the alleged false advertising, print and digital marketing statements, Rule 9(b) requires Plaintiff to plead more particularity about those representations. *See Kearns,* 567 F.3d at 1126 ("Kearns fails to allege in any of his complaints the particular circumstances surrounding such representations…[n]or did Kearns specify when he was exposed to them or which ones he found material"); *see also In Re Njoy, Inc. Consumer Class Action Litigation,* 2014 WL 12586074, at *10 (C.D. Cal. Oct. 20, 2014) (noting that "pleading the 'when' of the fraud requires that plaintiffs allege when they saw or heard the misleading statements"); *Almeida*, No. 21-CV-07109-VC, 2022 WL 1514665, at *1 (dismissing a complaint where plaintiff did "not allege with particularity which marketing materials each plaintiff relied upon and when or whether the plaintiffs would have seen the information about the defect"); *United States ex rel. James v. Adventist Health Sys./W.*, No. 20-CV-06458-VC, 2023 WL 1457528, at *1 (N.D. Cal. Feb. 2, 2023) (holding that plaintiff's allegations were entirely conclusory and thus failed to come remotely close to satisfying the "who, what, when, where, and how" standard pleading).

Due to Plaintiff's failure to plead with particularity, just grounds exist to dismiss the fraud claims that are based upon advertising, print and digital marketing, pursuant to Fed. R. Civ. P. 9(b).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion to dismiss.

Dated: June 22, 2023

*/s/ Robert P. Donovan*
ROBERT P. DONOVAN
STEVENS & LEE
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone: (201) 857-6778
Facsimile: (201) 857-6761
Robert.donovan@stevenslee.com

*Attorneys for Defendants,*
*Arizona Beverages USA, LLC and*
*Hornell Brewing Co., Inc.*

---

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

- 9 -

06/22/2023 SL1 1935655v1 115260.00013