UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFINIQUE JAMISON,<br><br>   Plaintiff,<br><br> v.<br><br>ARIZONA BEVERAGES USA LLC, et al.,<br><br>   Defendants. | Case No. 23-cv-00920-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 29 |

  The motion to dismiss Jamison's claims for injunctive relief, equitable relief, and fraud based on marketing beyond the label is granted.[1] This ruling assumes familiarity with the case and applicable legal standard.

  *Injunctive Relief*. Jamison fails to demonstrate Article III standing for injunctive relief because she has not plausibly alleged that she is likely to suffer a future injury. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). In certain instances, "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling." *Davidson v. Kimberly-Clark Corporation*, 889 F. 3d 956, 969 (9th Cir 2018). The *Davidson* court reasoned that a future injury could result from a consumer's desire but inability to purchase the product because she cannot "rely on the product's advertising or labeling in the future." *Id.* at 970. Or the future harm may stem from a consumer's purchase of the product based on a reasonable but incorrect assumption that the product was improved. *Id.* But neither scenario is plausible here. In *Davidson*, the plaintiff wanted to purchase flushable wipes in the future but had "no way of

---

[1] The defendants did not argue for dismissal of Jamison's claims for damages based on the fruit snack label's representations. Therefore, those claims survive.

determining whether the representation 'flushable' [was] in fact true." *Id.* at 971. By contrast, Jamison can readily learn whether the "no preservative" representation on the fruit snack label is true going forward. All she must do is look at the ingredients to see if citric acid is listed. When, as here, a plaintiff can "easily discover whether a previous misrepresentation has been cured without first buying the product at issue," the plaintiff lacks standing for injunctive relief. *Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 906 (N.D. Cal. 2023) (citation omitted).

*Equitable Relief*. At the pleading stage, a plaintiff seeking equitable relief must allege, and at least briefly explain, why an inadequate remedy at law could plausibly be lacking. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020); *Almeida v. Apple, Inc.*, No. 21-CV-07109-VC, 2022 WL 1514665, at *1 (N.D. Cal. May 13, 2022). The complaint contains no allegations that Jamison lacks an adequate remedy at law.

*Fraud*. Jamison voluntarily dismisses her claims of fraud premised on the Defendant's marketing of the product apart from the label itself. These claims are dismissed without prejudice.

Discovery can move forward on the remaining claims for damages based on representations made on the labels. If Jamison wishes, she may file an amended complaint within 14 days. Any response to the complaint is due 14 days after filing.

**IT IS SO ORDERED.**

Dated: September 27, 2023

_____
VINCE CHHABRIA
United States District Judge