**STEVENS & LEE**
Robert P. Donovan (*pro hac vice*)
robert.donovan@stevenslee.com
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone:  (201) 857-6778
Facsimile:  (610) 371-7938

**WILLENKEN LLP**
Kirby Hsu (Bar No. 312535)
khsu@willenken.com
707 Wilshire Boulevard, Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:  (213) 955-9250

*Attorneys for Defendants*
*ARIZONA BEVERAGES USA, LLC and*
*HORNELL BREWING CO., INC.*

**GOOD | GUSTAFSON | AUMAIS LLP**
CHRISTOPHER T. AUMAIS, SBN 249901
RYAN GUSTAFSON, SBN 220802
2330 Westwood Boulevard, Suite 103
Los Angeles, California 90064
Telephone: (310) 274-4663
E-mail: cta@ggallp.com
E-mail: jrg@ggallp.com

*Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFINQUE JAMISON, individually, and on behalf of those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ARIZONA BEVERAGES USA, LLC and HORNELL BREWING CO., INC. <br><br> Defendant. | CASE NO. 3:23-cv-00920-VC <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Hon. Vince Chhabria, U.S.D.J. <br><br> Action Filed:  March 1, 2023 <br> Current CMC Date:  October 6, 2023 <br> Time:  10:00 AM <br> Courtroom:  Videoconference |

-1-
JOINT CASE MANAGEMENT STATEMENT

1   Plaintiff, Infinque Jamison ("Plaintiff"), and Defendants, Arizona Beverages USA LLC
2   (individually, "ABU") and Hornell Brewing Company, Inc. (individually, "Hornell")
3   (collectively, "Defendants"), the parties to the above-entitled action (collectively, the "Parties"),
4   hereby submit this Joint Case Management Statement pursuant to the Standing Order for All
5   Judges of the Northern District of California, Civil Local Rule 16-9, and the Standing Order for
6   Judge Vince Chhabria.

7   **1.     Jurisdiction and Service:**

8   **Plaintiff's Statement:**

9   Jurisdiction is proper. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §
10  1332(d).

11  Service is proper. The Defendants were served on March 23, 2023.

12  **Defendants' Statement:**

13  Defendants do not contest subject matter jurisdiction under 28 U.S.C. § 1332(d) but
14  reserve the right to do so.  Defendants do not contest service of the summons and complaint.

15  **2.     Facts:**

16  **Plaintiff's Statement:**

17  Defendants sells certain fruit snack Products that are marketed as containing "NO
18  PRESERVATIVES." Despite these prominent representations, the Products contain
19  preservatives. These representations are present throughout the Products' packaging. Plaintiff and
20  Class Members would not have purchased - or would have paid less for – the Products if they
21  had known the truth about the Products. In other words, Plaintiff and Class Members paid a price
22  premium for Defendants' Products based on the prominent preservative-free representations
23  made on the packaging.

24  **Defendants' Statement:**

25  Defendants deny any and all claims of liability as the labels are not deceptive, truthfully
26  disclose all ingredients, and there is no price premium associated with the fruit snack products at
27  issue in this action ("Products").  Defendants deny that the Products contain preservatives.  This
28  matter is also not conducive to class certification for many reasons including, but not limited to,

-2-

1  the highly individualized reasons persons purchase the Products which predominate over any
2  alleged common questions.

3  **3.     Legal Issues:**

4       **Plaintiff's Statement:** Defendants' preservative-free representations concerning their
5  Products are unlawful, deceptive, and fraudulent. These representations are not only deceptive to
6  Plaintiff but also a reasonable consumer and Class Members.

7       These representations violate the CLRA, the UCL, the FAL, and cause the Defendants to
8  be unjustly enriched.

9       **Defendants' Statement:**

10       Defendants filed a motion to dismiss FAC (ECF No. 29) which is currently pending and
11  reference is made to same.  Discovery, which is ongoing, pertains to, *inter alia*, all applicable
12  legal defenses.  Subject to such discovery, Defendants anticipate legal defenses would include,
13  but would not be limited to, standing and estoppel.  As to Fed. R. Civ. P. 23, Defendants reserve
14  all defenses and, until a motion for class certification is filed, Defendants cannot yet identify all
15  applicable legal defenses.

16  **4.     Motions:**

17       **Plaintiff's Statement:**

18       On September 27, 2023, the Court granted Defendants' motion to dismiss (ECF No. 52).
19  Plaintiff intends to file an amended complaint by October 11, 2023. Defendants have indicated
20  that they anticipate filing a motion to dismiss on the forthcoming amended complaint.

21       Plaintiff intends to file a motion for class certification and a motion for summary
22  judgment.

23       **Defendants' Statement:**

24       On September 27, 2023, the Court granted Defendants' motion to dismiss, dismissing
25  claims for injunctive relief, equitable relief and claims for fraud, premised on marketing apart
26  from the labels.  (ECF No. 52).  Plaintiff was permitted to file an amended complaint.  (ECF No.
27  52).  Depending on the contents of that amended complaint, Defendants anticipate filing another
28  motion to dismiss, a motion for summary judgment and *Daubert* motions.

1   **5.      Amendment of Pleadings:**

2          **Plaintiff's Statement:**

3          Plaintiff proposes that the deadline to amend the Complaint be November 26, 2023.

4          **Defendants' Statement:**

5          Defendants respectfully submit that the deadline for Plaintiff to amend the Complaint is

6   October 11, 2023.  (ECF No. 52).

7   **6.      Evidence Preservation:**

8          The Parties have reviewed this District's Guidelines for the Discovery of Electronically

9   Stored Information and have taken responsible and necessary steps to comply with their

10  obligations to preserve evidence relevant to the issues reasonably evident in this action.

11  **7.      Disclosures:**

12         Defendants served their initial Rule 26(a) disclosures on September 21, 2023.

13         Plaintiff served her initial Rule 26(a) disclosures on September 28, 2023.

14  **8.      Discovery:**

15         **Plaintiff's Statement:**

16         To coordinate discovery with the *Campbell* matter involving Defendants, resolve

17  Plaintiff's counsel's health issue,  and to participate in meet and confer discussions to narrow the

18  scope and clarify the requests across both cases, Plaintiff requested brief extensions which  added

19  approximately two weeks to the responses.

20         Plaintiff intends to seek discovery, *inter alia*, Defendants' sales, product packaging,

21  marketing analytics and consumer studies, in the form of interrogatories, document requests,

22  requests for admissions, individual and 30(b)(6) depositions. Plaintiff will serve written

23  discovery requests on September 29, 2023.

24         **Defendants' Statement:**

25         On or about August 14, 2023, Defendants served Plaintiff with requests for admissions,

26  interrogatories and document demands.  Responses are due September 29, 2023.  After receiving

27  all discovery requested, Defendants will depose Plaintiff and may depose any identified non-

28  party witnesses.  The parties have not yet discussed a stipulated e-discovery order.

-4-

**9.    Class Actions:**

   **Plaintiff's Statement:**

   Plaintiff intends to file a class certification motion for a California Class and a Nationwide Class because all of the factors for class certification are present in this case.

   **Defendants' Statement:**

   Defendants intend to oppose, vigorously, any motion for class certification.

**10.    Related Cases:**

   **Plaintiff's Statement:** Plaintiff is unaware of any related cases.

   **Defendants' Statement:**

   Defendants are unaware of any related cases as defined under Civil Local Rule 3012. However, on July 21, 2023, Defendants filed a notice of pendency of other actions on July 21, 2023, pursuant to Civil Local Rule 3-13 (ECF No. 36), identifying the following actions: *Marcia Campbell v. Arizona Beverages USA LLC and Hornell Brewing Co., Inc.*, Case No. 4:22-cv-02752-JST ("Campbell Action"), pending in this District; *Karen Smiley v. Arizona Beverages USA LLC*, Case No. 1:23-cv-01107-ELH ("Smiley Action"), pending in the United States District Court for the District of Maryland; and *Jacob Scheibe v. Arizona Beverages USA LLC*, Case No. 3:23-cv-00998-RBM-BLM ("Scheibe Action"), pending in the United States District Court for the Southern District of California.   A Notice of Voluntary Dismissal Without Prejudice was filed in the Scheibe Action on September 11, 2023.  (Scheibe Action, ECF No. 17).

   On August 23, 2023, in the Campbell Action, the court there entered an order ruling that the Campbell Action was not related to the instant matter.  (Campbell ECF No. 60).   In the Campbell Action and the within case, orders have been entered referring the matters to Honorable Magistrate Judge Donna M. Ryu for resolution all discovery matters.  (Campbell ECF No. 68; ECF No. 50).

**11.    Relief:**

   **Plaintiff's Statement:**

   Plaintiff seeks certification of the proposed Classes, injunctive relief, restitution,

1  compensatory and punitive damages – including actual and statutory damages – arising from

2  Defendants' wrongful and illegal conduct, an award of attorneys' fees and costs, and any further

3  relief as the Court deems just and proper.

4       **Defendants' Statement:**

5       Defendants seek a judgment in their favor, dismissing the claims with prejudice and

6  awarding Defendants counsel fees and costs.

7  **12.**   **Settlement and ADR:**

8       **Plaintiff's Statement:**

9       Plaintiff has filed her ADR Certification (ECF No. 53). Plaintiff agrees that settlement

10  discussions would be premature given the lack of discovery and the class action allegations.

11  Plaintiff would prefer having the ADR conducted through private mediation at a time after a

12  ruling on the class certification motion.

13       **Defendants' Statement:**

14       Pursuant to Civ. L.R. 16-8(b) and ADR L.R. 3-5(b), Defendants filed their ADR

15  Certification on May 11, 2023.  (ECF No. 24).  There have been no ADR efforts to date.

16  Scheduling settlement discussions to occur within the next 90 days is problematic given the

17  pendency of a potential amended complaint, the lack of discovery and the class action

18  allegations.  Defendants agree that the ADR process occur privately, and at a time after a ruling

19  on the class certification motion.

20  **13.**   **Other References:**

21       **Plaintiff's Statement:**  Plaintiff does not believe that this case is presently suitable for

22  reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

23       **Defendants' Statement:**

24       Defendants do not believe that this case is presently suitable for reference to binding

25  arbitration by a special master.  As to the Campbell and Smiley Actions referenced in the notice

26  of pendency (ECF No. 36), Defendants reserve their rights under 28 U.S.C. § 1407.  At a

27  minimum, there is a need for coordination to avoid conflicts and to conserve resources.

28

**14.   Narrowing of Issues:**

The Parties are presently unaware of any stipulations or agreements that could narrow the issues at this time.

**15.   Expedited Trial Procedure:**

The Parties do not believe this case is suitable for the Expedited Trial Procedure of General Order 64, Attachment A.

**16.   Scheduling:**

The Parties propose the below schedule:

| Event | Defendants' Proposal | Plaintiff's Proposal |
|---|---|---|
| Deadline to serve Rule 26(a)(1) initial disclosures and deadline to file stipulated protective order | N/A as to Defendant. Defendants have served their Rule 26(a) initial disclosures. | N/A as to Defendant. Plaintiff has served her Rule 26(a) initial disclosures. |
| Deadline to file motion to amend the pleadings and/or join new parties | October 11, 2023 [ECF No. 52]. | November 26, 2023 |
| Deadline to file Plaintiff's motion for class certification, including any expert reports and documents upon which Plaintiff relies in its motion. | January 16, 2024 | January 16, 2024 |
| Deadline to file Defendants' opposition to class certification, including any counter expert reports concerning class certification, and including documents upon which Defendants rely in their opposition, and due date for Defendants' *Daubert* motions concerning Plaintiff's class certification experts. | March 18, 2024 | March 18, 2024 |
| Deadline to file Plaintiff's reply in support of class certification and to oppose | April 1, 2024 | April 1, 2024 |

JOINT CASE MANAGEMENT STATEMENT
09/29/2023 SL1 1952163v1 115260.00013

| Event | Defendants' Proposal | Plaintiff's Proposal |
|---|---|---|
| *Daubert* motions; Plaintiff's deadline to file any *Daubert* motions concerning Defendants' class certification experts. | | |
| Deadline for Defendants' reply to Plaintiff's opposition to Defendants' *Daubert* motions. | April 15, 2024 | April 15, 2024 |
| Deadline for Defendants' opposition to any *Daubert* motions filed by Plaintiff concerning Defendants' class certification experts. | May 1, 2024 | May 1, 2024 |
| Deadline for Plaintiff's reply to Defendants' opposition to Plaintiffs' *Daubert* motions concerning class certification. | May 15, 2024 | May 15, 2024 |
| Plaintiff's expert disclosure and reports | March 1, 2024 | March 1, 2024 |
| Defendants' rebuttal expert disclosure and reports | May 1, 2024 | May 1, 2024 |
| Close of all discovery | May 15, 2024 | May 15, 2024 |
| Last Hearing Date for Dispositive Motions | July 18, 2024 | July 18, 2024 |
| Pre-Trial Conference | September 17, 2024 | To be determined by the Court. |
| Trial date | October 1, 2024 (16 months after date of the filing of the first amended complaint). | To be determined by the Court. |

17.    **Trial:**

   **Plaintiff's Statement:** Plaintiff estimates seven (7) days for the trial.

   **Defendants' Statement:**

   Defendants estimate seven (7) days for the trial.

-8-

09/29/2023 SL1 1952163v1 115260.00013

18.  **Disclosure of Non-Party Interested Entities or Persons:**

**Plaintiff's Statement:** Plaintiff has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 (ECF No. 54). The Certification indicates that there is no other person or entity to be identified.

**Defendants' Statement:**

Defendants filed a certification of interested Entities and Persons required by Civil Local Rule 3-15 on April 6, 2023. (ECF No. 14). Defendants hereby restate that, as of this date, there is no conflict or interest (other than the named parties) to report.

19.  **Professional Conduct:**

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20.  **Other Matters:**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: September 29, 2023          GOOD GUSTAFSON AUMAIS LLP


                                   */s/John Ryan Gustafson*
                                   JOHN RYAN GUSTAFSON
                                   *Attorneys for Plaintiff and Proposed Class*


Dated: September 29, 2023          STEVENS & LEE

                                   */s/Robert P. Donovan*
                                   ROBERT P. DONOVAN
                                   *Attorneys for Defendants,*
                                   *Arizona Beverages USA LLC and*
                                   *Hornell Brewing Co., Inc.*

1

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)

2

3       I, Robert P. Donovan, attest that concurrence in the filing of this document has been

4  obtained from the other signatory.  Executed on September 29, 2023, in Elmwood Park, New

5  Jersey.

6                                                    */s/Robert P. Donovan*
                                                    Robert P. Donovan

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
09/29/2023 SL1 1952163v1 115260.00013