STEVENS & LEE
Matthew C. Brunelli (*pro hac vice*)
matthew.brunelli@stevenslee.com
620 Freedom Business Center Drive
Suite 200
King of Prussia, Pennsylvania 19406
Telephone:  (215) 751-1955
Facsimile:  (610) 371-1239

WILLENKEN LLP
Kirby Hsu (Bar No. 312535)
khsu@willenken.com
707 Wilshire Boulevard, Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:  (213) 955-9250

Attorneys for Defendants,
ARIZONA BEVERAGES USA, LLC and
HORNELL BREWING CO., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFINQUE JAMISON,<br><br>Plaintiff,<br><br>v.<br><br>ARIZONA BEVERAGES USA LLC and<br>HORNELL BREWING CO., INC.,<br><br>Defendants. | CASE NO. 3:23-cv-00920-VC<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(1), 12(b)(6) and 9(b); AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>JUDGE: Hon. Vince Chhabria, U.S.D.J.<br>CTRM:   4<br>HEARING DATE:  December 7, 2023<br>TIME:  1:00 PM |

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

**TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 7, 2023, at 1:00 pm, or as soon thereafter as the matter may be heard, before the Honorable Vince Chhabria, United States District Judge, at the San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 4, San Francisco, California, defendants, Arizona Beverages USA, LLC ("ABUSA") and Hornell Brewing Co., Inc. ("Hornell") (collectively, the "Defendants"), will and hereby do move to dismiss Plaintiff's Second Amended Complaint ("SAC"), pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b) on the following grounds:

1.      Plaintiff lacks standing under Article III to seek injunctive relief because Plaintiff fails to assert plausible allegations of future harm and due to Plaintiff improperly seeking a mandatory injunction;

2.      The fraud claim, as pertaining to alleged false advertising and/or marketing statements, lacks the particularity required under Fed R. Civ. P. 9(b);

3.      Plaintiff's claim under the California Consumer Legal Remedies Act (Cal. Business & Professions Code § 1750, *et seq.*) ("CLRA") and Breach of Express Warranty claims, against Hornell, fail for failure to provide notice; and

4.      No legal basis exists to sue for punitive damages under the California's False Advertising Law (Cal. Business & Professions Code, § 17500, *et seq.*) ("FAL") and the California's Unfair Competition Law (Cal. Business & Professionals Code, § 17200, *et seq.*) ("UCL").

This motion is based upon this motion, the accompanying memorandum of points and authorities, the declaration of Maureen Edgar, the record in this action, and all matters in which the Court may take notice and any arguments presented at the time of hearing.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1  Dated: November 1, 2023

/s/ Matthew C. Brunelli
MATTHEW C. BRUNELLI
STEVENS & LEE
620 Freedom Business Center Drive
Suite 200
King of Prussia, Pennsylvania 19406
Telephone: (215) 751-1955
Facsimile: (201) 857-1239
matthew.brunelli@stevenslee.com

*Attorneys for Defendants,*
*Arizona Beverages USA, LLC and*
*Hornell Brewing Co., Inc.*

---

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## TABLE OF CONTENTS

I.    SUMMARY OF ARGUMENT/STATEMENT OF ISSUES PRESENTED ..................... 1

II.   PROCEDURAL HISTORY......................................................................................... 1

III.  ARGUMENTS AND AUTHORITIES.................................................................... 3

    A.   PLAINTIFF LACKS ARTICLE III STANDING TO SEEK
        INJUNCTIVE RELIEF BECAUSE THE SAC FAILS TO CONTAIN
        PLAUSIBLE ALLEGATIONS OF ACTUAL AND IMMINENT
        FUTURE INJURY...................................................................................... 3

        1.   STANDARD UNDER THE FEDERAL RULE OF CIVIL
             PROCEDURE 12(B)(1)............................................................ 3

        2.   THE RATIONALE UNDERLYING THE SEPTEMBER 27
             ORDER WARRANTS DISMISSAL OF THE CLAIMS FOR
             INJUNCTIVE RELIEF UNDER THE SAC .............................. 4

    B.   PLAINTIFF DOES NOT ALLEGE THE FACTS NECESSARY TO
        MAKE A CLAIM TO OBTAIN THE EXTRAORDINARY
        REMEDY OF A MANDATORY INJUNCTION .................................. 6

    C.   THE FRAUD CLAIMS CONCERNING UNIDENTIFIED
        ADVERTISING LACK THE PARTICULARITY REQUIRED
        UNDER RULE 9(B) .............................................................................. 7

    D.   PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF
        CAN BE GRANTED WITH RESPECT TO THE CLAIMS AGAINST
        HORNELL UNDER THE CLRA AND BREACH OF WARRANTY.................. 9

        1.   APPLICABLE STANDARD........................................................ 9

        2.   PLAINTIFF'S CLAIM AGAINST HORNELL FOR
             MONETARY DAMAGES UNDER THE CLRA FAILS DUE
             TO LACK OF NOTICE............................................................ 9

        3.   PLAINTIFF'S BREACH OF EXPRESS WARRANTY AND
             IMPLIED WARRANTY CLAIMS AGAINST HORNELL
             ARE LIKEWISE BARRED DUE TO LACK OF PRE-SUIT
             NOTICE ............................................................................... 11

    E.   NO LEGAL BASIS EXISTS FOR THE PUNITIVE DAMAGES
        CLAIMS ASSERTED UNDER THE UCL AND FAL ....................... 11

CONCLUSION................................................................................................. 12

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

i

SL1 1958606v1 115260.00013

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Acosta v. Ethicon, Inc.,*
   2021 WL 2548686 (C.D. Cal. April 16, 2021) ...........................................................................10

*Almeida v. Apple, Inc.,*
   2022 WL 1514665 (N.D. Cal. May 13, 2022) ..............................................................................8

*Alvarez v. Chevron Corp.,*
   656 F.3d 925 (9th Cir. 2011) ....................................................................................................11

*Anderson v. SeaWorld Parks & Ent., Inc.,*
   2016 WL 4076097 (N.D. Cal. Aug. 1, 2016) ............................................................................11

*Anderson v. United States,*
   612 F.2d 1112 (9th Cir.1979) .....................................................................................................6

*Arizona v. California,*
   460 U.S. 605 (1983)....................................................................................................................3

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009).....................................................................................................................9

*Axelrod v. Lenovo (United States) Inc.,*
   2022 WL 976971 (N.D. Cal. Mar. 31, 2022)............................................................................12

*Balistreri v. Pacifica Police Dep't.,*
   901 F.2d 696 (9th Cir. 1988) ......................................................................................................9

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007).....................................................................................................................9

*Bly-Magee v. California,*
   236 F.3d 1014 (9th Cir. 2001) ....................................................................................................8

*Booth v. Quantum3D, Inc.,*
   2005 WL 1512138 (N.D. Cal. June 15, 2005) ........................................................................4,5

*Broomfield v. Craft Brew All.,*
   2017 WL 3838453 (N.D. Cal. Sept. 1, 2017) .............................................................................7

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

ii

SL1 1958606v1 115260.00013

*Brown v. Food for Life Baking Co.*,
  2023 WL 2637407 (N.D. Cal. Feb. 28, 2023) ...........................................................12

*Cattie v. Walmart Stores, Inc.*,
  504 F. Supp. 2d 939 (S.D. Cal. 2007)......................................................................11

*Cetacean Cmty. v. Bush*,
  386 F.3d 1169 (9th Cir. 2004) ...................................................................................3

*Christianson v. Colt Indus. Operating Corp.*,
  486 U.S. 800 (1988)....................................................................................................4

*Cimoli v. Alacer Corp.*,
  546 F. Supp. 3d 897 (N.D. Cal. 2023) ...................................................................2,5

*City of Arcadia v. U.S. Env't. Prot. Agency*,
  411 F.3d 1103 (9th Cir. 2005) ...................................................................................9

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983)....................................................................................................2,3

*Davidson v. Kimberly-Clark Corporation*,
  889 F. 3d 956 (9th Cir 2018) .................................................................................2,5,6

*Fayer v. Vaughn*,
  649 F.3d 1061 (9th Cir. 2011) ...................................................................................9

*Fikre v. Fed. Bureau of Investigation*,
  35 F.4th 762 (9th Cir. 2022), *cert. granted sub nom. FBI v. Fikre*, No. 22-
  1178, 2023 WL 6319658 (U.S. Sept. 29, 2023) .........................................................3

*In re GlenFed, Inc. Secs. Litig.*,
  42 F.3d 1541 (9th Cir. 1994) .....................................................................................7

*Groupion, LLC v. Groupon, Inc.*,
  859 F. Supp. 2d 1067 (N.D. Cal. 2012) ..................................................................12

*Heck v. Amazon.com, Inc.*,
  2022 WL 17419554 (N.D. Cal. Dec. 5, 2022) ...........................................................10

*J. H. v. County of San Mateo*,
  2021 WL 1516371 (N.D. Cal. April 16, 2021)...........................................................10

*United States ex rel. James v. Adventist Health Sys./W.*,
  2023 WL 1457528 (N.D. Cal. Feb. 2, 2023) ..............................................................8

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

iii

SL1 1958606v1 115260.00013

*Janda v. T-Mobile, USA, Inc.*,
    2009 WL 667206 (N.D. Cal. 2009) ..........................................................................11

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) .............................................................................7,8

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
    571 F.3d 873 (9th Cir. 2009) ...................................................................................6

*Neubronner v. Milken*,
    6 F.3d 666 (9th Cir. 1993) ...................................................................................7,8

*In Re Njoy, Inc. Consumer Class Action Litigation*,
    2014 WL 12586074 (C.D. Cal. Oct. 20, 2014)..........................................................8

*Prescott v. Nestle USA, Inc.*,
    2020 WL 3035798 (N.D. Cal. June 4, 2020) ............................................................7

*Roper v. Big Heart Pet Brands, Inc.*,
    510 F. Supp. 3d 903 (E.D. Cal. 2020)....................................................................12

*Scilex Pharm. Inc. v. Sanofi-Aventis U.S. LLC*,
    552 F. Supp. 3d 901 (N.D. Cal. 2021) .....................................................................3

*Sebastian v. Kimberly-Clark Corp.*,
    2017 WL 6497675 (S.D. Cal. Dec. 18, 2017)..........................................................10

*Stearns v. Select Comfort Retail Corp.*,
    763 F.Supp.2d 1128 (N.D.Cal.2010) ......................................................................11

*Stearns v. Select Comfort Retail Corp.*,
    2009 WL 1635931 (N.D. Cal. June 5, 2009) ...........................................................11

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998)....................................................................................................6

*Sullivan By & Through Sullivan v. Vallejo City Unified Sch. Dist.*,
    731 F. Supp. 947 (E.D. Cal. 1990).............................................................................6

*Sultanis v. Champion Petfoods USA Inc.*,
    2021 WL 3373934 (N.D. Cal. Aug. 3, 2021) .............................................................3

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) .................................................................................10

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ..................................................................................7

*W. Mining Council v. Watt,*
  643 F.2d 618 (9th Cir. 1981) ....................................................................9

**State Cases**

*Korea Supply Co. v. Lockheed Martin Corp.,*
  29 Cal. 4th 1134 (2003) ...........................................................................12

*Outboard Marine Corp. v. Superior Ct.,*
  52 Cal.App.3d 30 (1975) ..........................................................................10

**State Statutes**

Cal Civ. Code § 1782(a) ...............................................................................10

Cal. Com. Code § 2313..................................................................................11

California Commercial Code § 2607(3)(A) ...................................................11

California Consumer Legal Remedies Act (Cal. Business & Professions Code §
  1750, *et seq.*)..............................................................................................1

California's False Advertising Law (Cal. Business & Professions Code, § 17500,
  *et seq.*).........................................................................................................1

California's Unfair Competition Law (Cal. Business & Professionals Code,
  § 17200, *et seq.*).........................................................................................1

**Rules**

Fed. R. Civ. P. 9(b) ..............................................................................1,7,8,9

Federal Rule of Civil Procedure 12(b)(1) ..................................................1,3

Federal Rule of Civil Procedure 12(b)(6) ..................................................1,9

## I.  **SUMMARY OF ARGUMENT/STATEMENT OF ISSUES PRESENTED**

Defendants, Arizona Beverages USA, LLC ("ABUSA") and Hornell Brewing Co., Inc. ("Hornell") (collectively, the "Defendants"), submit the within memorandum of law in support of their motion to dismiss the Second Amended Complaint ("SAC") filed by plaintiff, Infinque Jamison ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6) and 9(b).  As is set forth more fully below, just grounds exist to grant the motion because:

- Plaintiff fails to plead plausible allegations of any threat of actual and imminent future injury and lacks standing to seek injunctive relief;

- Plaintiff's claim to obtain an order compelling Defendants to reformulate their fruit snacks constitutes a mandatory injunction not redressable under the law;

- Contrary to Fed. R. Civ. P. 9(b), the fraud claims, apart from the labels, based upon marketing and advertising statements, fail to particularize the "what," "where," "when," and "how" concerning those alleged misrepresentations;

- Plaintiff's claims for monetary damages under the California Consumer Legal Remedies Act (Cal. Business & Professions Code § 1750, *et seq.*) ("CLRA") and for breach of warranty claim against Hornell fail for the lack of notice; and

- No legal basis exists for Plaintiff to seek punitive damages sought under the California's Unfair Competition Law (Cal. Business & Professionals Code, § 17200, *et seq.*) ("UCL") and the California's False Advertising Law (Cal. Business & Professions Code, § 17500, *et seq.*) ("FAL").

## II.  **PROCEDURAL HISTORY**

This matter arises out of a complaint filed on March 1, 2023.  (ECF No. 1).  Plaintiff filed a First Amended Complaint ("FAC") on May 22, 2023.  (ECF No. 28).

---

Defendant filed a Motion to Dismiss the FAC. (ECF No. 29). By Order dated September 27, 2023 ("September 27 Order"), the Court granted the motion, dismissed Plaintiff's claims for injunctive relief, equitable relief, and fraud based on marketing beyond the label, with leave to amend. (ECF No. 52).

In dismissing the claims for injunctive relief, this Court ruled:

> Jamison fails to demonstrate Article III standing for injunctive relief because she has not plausibly alleged that she is likely to suffer a future injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). In certain instances, "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling." *Davidson v. Kimberly-Clark Corporation*, 889 F. 3d 956, 969 (9th Cir 2018). The Davidson court reasoned that a future injury could result from a consumer's desire but inability to purchase the product because she cannot "rely on the product's advertising or labeling in the future." *Id.* at 970. Or the future harm may stem from a consumer's purchase of the product based on a reasonable but incorrect assumption that the product was improved. But neither scenario is plausible here. In *Davidson*, the plaintiff wanted to purchase flushable wipes in the future but had "no way of determining whether the representation 'flushable' [was] in fact true." *Id.* at 971. By contrast, Jamison can readily learn whether the "no preservative" representation on the fruit snack label is true going forward. All she must do is look at the ingredients to see if citric acid is listed. When, as here, a plaintiff can "easily discover whether a previous misrepresentation has been cured without first buying the product at issue," the plaintiff lacks standing for injunctive relief. *Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 906 (N.D. Cal. 2023) (citation omitted). (ECF No. 52 at pp. 1-2).

On October 11, 2023, Plaintiff filed the SAC. (ECF No. 59). Plaintiff claims that the "No Preservative" statement on the label of Defendants' Fruit Snacks (the "Product") is deceptive because the Product is alleged to contain citric acid and ascorbic acid, which are asserted to be preservatives. (*Id*., ¶ 28). Plaintiff brings claims under (1) the UCL (*Id*., ¶¶ 86-132); (2) the FAL (*Id*., ¶¶ 133-145); (3) the CLRA (*Id*., ¶¶ 146-176); (4) unjust enrichment (*Id*., ¶¶ 177-184); (5) breach of express warranty (*Id.*, ¶¶ 185-192); and (6) breach of implied warranty (*Id*., ¶¶ 193-207).

# III.  ARGUMENTS AND AUTHORITIES

**A.**   **Plaintiff Lacks Article III Standing to Seek Injunctive Relief Because the SAC Fails to Contain Plausible Allegations of Actual and Imminent Future Injury**

**1.**   **Standard Under the Federal Rule of Civil Procedure 12(b)(1)**

"A Rule 12(b)(1) motion will be granted if the complaint, considered in its entirety, fails on its face to allege facts sufficient to establish subject matter jurisdiction." *Sultanis v. Champion Petfoods USA Inc.*, No. 21-CV-00162-EMC, 2021 WL 3373934, at *3 (N.D. Cal. Aug. 3, 2021). "If a plaintiff lacks Article III standing to bring a suit, the federal court lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1)." *Scilex Pharm. Inc. v. Sanofi-Aventis U.S. LLC,* 552 F. Supp. 3d 901, 909 (N.D. Cal. 2021) (citing *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)).  Under Article III's standing requirement for injunctive relief, a plaintiff must allege that a "real or immediate threat" exists that he or she will be wronged again in the future.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

Under Ninth Circuit law, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Fikre v. Fed. Bureau of Investigation*, 35 F.4th 762, 770 (9th Cir. 2022), *cert. granted sub nom. FBI v. Fikre*, No. 22-1178, 2023 WL 6319658 (U.S. Sept. 29, 2023); *see also Opperman v. Path*, Inc., No. 13-CV-00453-JST, 2014 WL 246972, at *3 (N.D. Cal. Jan. 22, 2014) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983) *decision supplemented*, 466 U.S. 144 (1984)).  A court retains the power to revisit its own prior decisions, however, "as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Booth v. Quantum3D, Inc.*, No. C-04-5376 EMC, 2005 WL 1512138, at *3 n.3 (N.D. Cal. June 15, 2005) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

2.   **The Rationale Underlying the September 27 Order Warrants Dismissal of the Claims for Injunctive Relief Under the SAC**

Defendants respectfully submit that the grounds upon which this Court dismissed the claims for injunctive relief in the September 27 Order apply here as well.  Plaintiff reasserts virtually the same type of allegations that this Court previously found insufficient to establish Article III standing.  In that regard, Plaintiff alleges as follows:

- Plaintiff would like to purchase the Product again only if she can be sure that Defendants are compliant with the state consumer protection laws.  (SAC, ¶ 15h) (emphasis added).

- Plaintiff continues to see Defendants' Products in stores available for purchase, and desires to purchase them again if the representations regarding "No Preservatives" were in fact true.  (*Id.*) (emphasis added).

- Plaintiff is an average consumer who is not sophisticated in manufacturing process of various beverages or formulations of Defendants' Products, including specific ingredients added to the Products.  (*Id.*).

- Since Plaintiff would like to purchase the Products again to obtain the benefits of the challenged representations that Defendants continue to use—despite the fact that the Products were once marred by false advertising or warranties— Plaintiff would likely and reasonably, but incorrectly, assume the Products are true to and conform with the challenged representations on their labels and packaging.  Accordingly, Plaintiff is at risk of reasonably, but incorrectly, assuming that Defendants have fixed the Products such that Plaintiff may buy them again, believing they are no longer falsely advertised and warranted and instead believing that they comply with the challenged representations.  In this regard, Plaintiff is currently and in the future deprived of the ability to rely on the representations made by Defendants to purchase the Products.  (*Id.*; *see also* ¶¶ 64; 130iv; 140; 170; 171; 174iii) (emphasis added).

Plaintiff has not pled a plausible claim of the likelihood of future harm.  Plaintiff has not even alleged, unequivocally, any intent to purchase the Product again.  Instead, Plaintiff alleges that: (1) "she would like to purchase the Product again *only if*" she was assured it is compliant with the law or (2) "Plaintiff *may* buy them again, believing they are no longer falsely advertised." (*Id.*)(emphasis added).  Assuming, *arguendo*, that the SAC could be read to contain an allegation that Plaintiff *will* purchase the Product in the future, Plaintiff has not (and cannot) reasonably claim

that there is no way to determine whether Defendants' representations are true prior to making that purchase.  This is so because Plaintiff merely has to review the label which discloses the contents claimed to be preservatives.

In dismissing the injunctive relief claims asserted in the FAC, this Court ruled that Plaintiff lacked standing because "Jamison can readily learn whether the 'no preservative' representation on the fruit snack label is true going forward. All she must do is look at the ingredients to see if citric acid is listed."  (ECF No. 52 at pp. 1-2).  *See also Cimoli*, 546 F. Supp. 3d at 906 ("Plaintiff lacks standing where the plaintiff could 'easily discover whether a previous misrepresentation had been cured without first buying the product at issue.'") (internal citations omitted).  That same rationale governs here.

As stated in the September 27 Order, although a future harm may arise "from a consumer's desire but inability to purchase the product because she cannot 'rely on the product's advertising or labeling in the future'" or due to "a consumer's purchase of the product based on a reasonable but incorrect assumption that the product was improved. . . . neither scenario is plausible here." (ECF No. 52 at pp. 1-2) (citing *Davidson*, 889 F. 3d at 970).  As observed by this Court, a distinctive feature in *Davidson* was that the plaintiff "wanted to purchase flushable wipes in the future but had 'no way of determining whether the representation 'flushable' [was] in fact true.'" (ECF No. 52 at pp. 1-2) (citing *Davidson*, 889 F. 3d at 971).  That important distinction is not present in this case.

Consistent with this Court's September 27 Order and *Davidson*, Plaintiff's assertions fail to present plausible allegations of a real and immediate threat of future harm and just grounds exist to dismiss the claim for injunctive relief under Article III.

**B.** **Plaintiff Does Not Allege the Facts Necessary to Make a Claim to Obtain the Extraordinary Remedy of a Mandatory Injunction**

Plaintiff seeks an injunction to order Defendants to "reformulat[e] the Products so they do not contain the aforementioned ingredients or removing the "no preservatives" label claims." (SAC, ¶ 174iii; *see also* ¶¶ 130iv; 140iii; 171). This claim constitutes a mandatory injunction because it requires Defendants to take an affirmative action to redress Plaintiff. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (internal citations omitted). As addressed *supra*, Article III, Section 2 of the Constitution restricts federal judicial power to adjudicate "cases" or "controversies." To establish standing, a plaintiff must demonstrate "redressability – a likelihood that the requested relief will redress the alleged injury." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." *Id.* at 103-104 (citation omitted).

As a general rule, Ninth Circuit courts refrain from granting mandatory injunctive relief "unless both facts and law clearly favor moving party and *extreme* or *very serious* damage will result." *Sullivan By & Through Sullivan v. Vallejo City Unified Sch. Dist.*, 731 F. Supp. 947, 955 (E.D. Cal. 1990) (citing *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir.1979)) (emphasis added). "[I]n doubtful cases, or where injury complained of is capable of compensation in damages, mandatory injunction will not issue." *Anderson*, 612 F.2d at 1115.

In the food labeling context, Courts in this District have dismissed claims seeking mandatory injunctions to force a defendant to reformulate its products. *See Broomfield v. Craft Brew All.*, No. 17-CV-01027, 2017 WL 3838453, at *11 (N.D. Cal. Sept. 1, 2017) (holding that plaintiff failed to meet the redressability requirement because the judge could "not issue a mandatory injunction forcing [defendant] to alter its production process"); *see also Prescott v. Nestle USA, Inc.*, No. 19-CV-07471-BLF, 2020 WL 3035798, at *6 (N.D. Cal. June 4, 2020)

(holding that the "Court lacks authority to compel Nestle to make any particular product by way of an injunction").

The fact of the matter is that Defendants are free to make the Product or discontinue making the Product.  Further, Plaintiff has not alleged any extreme or serious injury in this action.  No personal injury is pled.  The claim is for monetary damages due to an alleged premium price.  (ECF No. 59, ¶¶ 71b, 74).  Defendants therefore respectfully request that the Court dismiss that portion of Plaintiff's injunction claim that seeks mandatory injunction to order Defendants to reformulate their Product.

## C.   The Fraud Claims, Concerning Unidentified Advertising Lack the Particularity Required Under Rule 9(b)

To plead fraud under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *In re GlenFed, Inc. Secs. Litig.,* 42 F.3d 1541, 1548 (9th Cir. 1994)). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir. 1993) (citations omitted).  To satisfy Rule 9(b), "[a]verments of fraud must be accompanied by the[sic] 'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citations omitted).  The complaint must be "specific enough to give defendants notice of the particular misconduct." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner*, 6 F.3d at 672).

In addition to labels, Plaintiff claims misrepresentations are present in Defendants' marketing and/or advertisements.  (SAC, ¶¶ 17(b); 53; 55; 60; 63; 70; 75; 93; 94; 99; 104; 109; 121; 126; 135; 137; 141; 142; 150; 155-158; 161-163; 171; 196).   Plaintiff asserts that

"[c]onsumers cannot avoid any of the injuries caused by Defendants' false and misleading advertising of the Products" and that "Defendants' advertising and labeling of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes unfair conduct." (*Id.*, ¶¶ 94; 99). However, Plaintiff does not plead what was stated in any purported advertisements or marketing statements, when and where these purported statements appeared, and whether they were viewed by Plaintiff.

In order to state a claim for fraud based upon the alleged false advertising, print and digital marketing statements, Rule 9(b) requires Plaintiff to plead more particularity about those representations. *See Kearns,* 567 F.3d at 1126 ("Kearns fails to allege in any of his complaints the particular circumstances surrounding such representations…[n]or did Kearns specify when he was exposed to them or which ones he found material"); *see also In Re Njoy, Inc. Consumer Class Action Litigation,* 2014 WL 12586074, at *10 (C.D. Cal. Oct. 20, 2014) (noting that "pleading the 'when' of the fraud requires that plaintiffs allege when they saw or heard the misleading statements"); *Almeida v. Apple, Inc.*, No. 21-CV-07109-VC, 2022 WL 1514665, at *1 (N.D. Cal. May 13, 2022) (dismissing a complaint where plaintiff did "not allege with particularity which marketing materials each plaintiff relied upon and when or whether the plaintiffs would have seen the information about the defect"); *United States ex rel. James v. Adventist Health Sys./W.*, No. 20-CV-06458-VC, 2023 WL 1457528, at *1 (N.D. Cal. Feb. 2, 2023) (holding that plaintiff's allegations were entirely conclusory and thus failed to come remotely close to satisfying the "who, what, when, where, and how" standard pleading).

Due to Plaintiff's failure to plead with particularity, just grounds exist to dismiss the fraud claims that are based upon unidentified marketing and advertising pursuant to Fed. R. Civ. P. 9(b).

**D.**     **Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted With Respect to the Claims Against Hornell Under the CLRA and Breach of Warranty**

**1.**     **Applicable Standard**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate where a plaintiff's complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See, e.g., City of Arcadia v. U.S. Env't. Prot. Agency,* 411 F.3d 1103, 1106 n.3 (9th Cir. 2005) (citing *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988)).  Although factual allegations are accepted as true, courts "do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn,* 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Under the Supreme Court's heightened plausibility standard for pleading, a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to survive dismissal. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  The complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Id.* "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).

**2.**     **Plaintiff's Claim Against Hornell for Monetary Damages, Under the CLRA, Fails Due to Lack of Notice**

In order to state a damage claim under the CLRA, a plaintiff must demonstrate that 30 days' notice was furnished to a defendant in the manner required under Cal Civ. Code § 1782(a). *See Heck v. Amazon.com, Inc.,* No. 22-cv-03986-JSW, 2022 WL 17419554, at *2 (N.D. Cal. Dec. 5, 2022) (observing that compliance with CLRA notice requirement is necessary to state a claim). The notice requirement requires literal adherence. *See Outboard Marine Corp. v. Superior Ct.*, 52 Cal.App.3d 30, 40-41 (1975).  Claims for restitution qualify as actions for damages under the

CLRA. *See Acosta v. Ethicon, Inc.*, No. 20-cv-05992-DSF, 2021 WL 2548686, *6 (C.D. Cal. April 16, 2021); *see also Sebastian v. Kimberly-Clark Corp.*, No. 17-cv-00442-WQH-JMS, 2017 WL 6497675, at *7 (S.D. Cal. Dec. 18, 2017).

In the SAC, Plaintiff sues for damages and restitution under the CLRA. (SAC, ¶ 172). Plaintiff alleges furnishing CLRA notice to "Defendants of their alleged violations" by letter dated February 3, 2023. (*Id.*, ¶ 175). Because Plaintiff references this letter in the SAC and that document forms, *inter alia*, the basis of Plaintiff's CLRA damages claim, this Court may consider that document in ruling on Defendants' instant motion to dismiss. *See J. H. v. County of San Mateo*, No. 20-cv-00961-VC, 2021 WL 1516371, at *1 (N.D. Cal. April 16, 2021) (citations omitted); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Accompanying this motion is the declaration of Maureen Edgar ("Edgar Decl.") that attaches a copy of the document referenced in the SAC. That document demonstrates that Plaintiff failed to notify Hornell prior to suing it for damages under the CLRA. (Edgar Decl., ¶ 4, Ex. A). The letter is addressed to ABUSA, not Hornell. (*Id.*)

Because Plaintiff has not satisfied the notice requirement against Hornell, the claim for damages under the CLRA is subject to dismissal with prejudice. *See Anderson v. SeaWorld Parks & Ent., Inc.*, No. 15-CV-02172-JSW, 2016 WL 4076097, at *4 (N.D. Cal. Aug. 1, 2016) (dismissing claim for restitution for failure to comply with the CLRA notice requirement); *see also Janda v. T-Mobile, USA, Inc.*, No. 05-CV-03729-JSW, 2009 WL 667206 at *5 (N.D. Cal. 2009) (dismissing plaintiff's CLRA claim with prejudice because plaintiff did not comply with § 1782(a)'s notice provisions); *Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2009 WL 1635931, *15 (N.D. Cal. June 5, 2009); *Cattie v. Walmart Stores, Inc.*, 504 F. Supp. 2d 939, 950 (S.D. Cal. 2007). Just grounds exist to dismiss this claim against Hornell with prejudice given the

number of prior amendments to the Complaint already filed and Plaintiff's failure to provide notice notwithstanding such opportunity.

### 3. Plaintiff's Breach of Express Warranty and Implied Warranty Claims Against Hornell Are Likewise Barred Due to Lack of Pre-Suit Notice

Plaintiff's claims for breach of express warranty (Cal. Com. Code § 2313) and implied warranty of merchantability (Cal. Com. Code. § 2314) also fail as to Hornell due to the lack of a pre-suit notice. Pursuant to the California Commercial Code § 2607(3)(A), it is the buyer's duty to notify the seller of any purported breach within a "reasonable time after he or she discovers... *any* breach." *Id.* (emphasis added), *see also Stearns v. Select Comfort Retail Corp.*, 763 F.Supp.2d 1128, 1142-43 (N.D.Cal.2010) (citations omitted) (construing reasonable notice in California as "pre-suit notice"); *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932-33 (9th Cir. 2011) (affirming lower court's dismissal of express and implied warranty claims for inadequate notice). While Plaintiff alleges providing "Defendants" notice of: (1) the express warranty claim in February 2023 (SAC, ¶ 192) and (2) the implied warranty claim "prior to filing" this action (SAC, ¶ 204), the February 3, 2023 letter, identified in the SAC, was not sent to Hornell. (*See* Edgar Decl., ¶ 4). Thus, Plaintiff failed to comply with the pre-suit notice obligations mandated by the California Commercial Code § 2607(3)(A), authorizing the dismissal of all the warranty claims asserted against Hornell.

### E. No Legal Basis Exists for the Punitive Damages Claims Asserted Under the UCL and FAL

As part of his UCL and FAL causes of action, Plaintiff sues for punitive damages. (SAC, ¶¶ 107; 118; 129; 144; Prayer for Relief, ¶ e). However, "[i]t is well-established that claims for relief under the FAL and UCL are limited to restitution and injunctive relief." *Axelrod v. Lenovo (United States) Inc.*, No. 21-CV-06770-JSW, 2022 WL 976971, at *2 (N.D. Cal. Mar. 31, 2022)

(citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1146-49 (2003)); *see also Brown v. Food for Life Baking Co.*, No. 21-CV-10054-TLT, 2023 WL 2637407, at *7 (N.D. Cal. Feb. 28, 2023) ("Punitive damages are not available under the UCL and FAL.") (citing *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 926 (E.D. Cal. 2020)); *Groupion, LLC v. Groupon, Inc.*, 859 F. Supp. 2d 1067, 1082 (N.D. Cal. 2012) (finding punitive damages "are not recoverable" under "California's UCL").  Because Plaintiff has no legal basis to sue for punitive damages under the UCL and FAL, dismissal of these damages claims is proper.

### **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion to dismiss.

Dated:  November 1, 2023

/s/ Matthew C. Brunelli
MATTHEW C. BRUNELLI
STEVENS & LEE
620 Freedom Business Center Drive
Suite 200
King of Prussia, Pennsylvania 19406
Telephone: (215) 751-1955
Facsimile: (201) 857-1239
matthew.brunelli@stevenslee.com

*Attorneys for Defendants,*
*Arizona Beverages USA, LLC and*
*Hornell Brewing Co., Inc.*