**STEVENS & LEE**
Robert P. Donovan (*pro hac vice*)
*robert.donovan@stevenslee.com*
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Tel: (201) 857-6778
Fax: (610) 371-7938

**WILLENKEN LLP**
Kirby Hsu (SBN 312535)
*khsu@willenken.com*
707 Wilshire Boulevard, Suite 3850
Los Angeles, California 90017
Tel.:  (213) 955-9240
Fax:  (216) 955-9450

*Attorneys for Defendants,*
*Arizona Beverages USA LLC*
*and Hornell Brewing Co., Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFINQUE JAMISON, | CASE NO. 3:23-cv-00920-RFL |
| Plaintiff, | DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES |
| v. | |
| ARIZONA BEVERAGES USA LLC and HORNELL BREWING CO., INC., | |
| Defendants. | |

Defendants, Arizona Beverages USA, LLC (individually, "ABUSA") and Hornell Brewing Co., Inc. (individually, "Hornell") (collectively, "Defendants"), hereby answer Plaintiff's Second Amended Class Action Complaint (ECF No. 59, "SAC") as follows:

1.      Denied.

2.      Denied.

1

3.      Denied.

4.      Defendants admit that the label depicted in paragraph 4 of the SAC contains the statement "No Preservatives" but Defendants deny the remaining allegations in paragraph 4 of the SAC including, but not limited to, denying the allegation of prominence.

5.      Denied.

6.      Denied.

7.      Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in the first two sentences of paragraph 7 of the SAC.  Defendants deny the allegations contained in the last sentence of paragraph 7 of the SAC and deny the remaining allegations contained in paragraph 7 of the SAC.

8.      Denied.

9.      Denied.

10.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of paragraph 10 of the SAC.  Defendants deny the allegations contained in the second sentence of paragraph 10 of the SAC.  As to the allegations for injunctive relief, alleged in the third sentence of paragraph 10, no response is required because that claim was dismissed by the Court (ECF No. 72).  To the extent a response is required, those allegations are denied, and Defendants deny the remaining allegations contained in paragraph 10 of the SAC.

11.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of paragraph 11 of the SAC.  Defendants deny the allegations contained in the second and last sentence of paragraph 11 of the SAC and deny the remaining allegations contained in paragraph 11 of the SAC.

12.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 12 of the SAC.

13.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of paragraph 13 of the SAC.  Defendants deny

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

01/16/2024 SL1 1969202v3 115260.00013

the allegations contained in the second and last sentence of paragraph 13 of the SAC and deny the remaining allegations contained in paragraph 13 of the SAC.

14.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 14 of the SAC.

15.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 15 of the SAC.

    a.  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15a of the SAC.

    b.  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of paragraph 15b of the SAC.  Defendants deny the allegations contained in the second and third sentences of paragraph 15b of the SAC and Defendants deny the remaining allegations contained in paragraph 15b of the SAC.

    c.  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15c of the SAC.

    d.  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15d of the SAC.

    e.  As to the allegations concerning damages, Defendants are without knowledge or information sufficient to form a belief as to those allegations contained in paragraph 15e of the SAC.  As to the allegations concerning injunctive relief, no response is required because that claim was dismissed by the Court (ECF No. 72).  To the extent a response is required, those allegations are denied and Defendants deny the remaining allegations contained in paragraph 15e of the SAC.

    f.  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15f of the SAC.

    g.  To the extent the allegations of "future injury" pertain to a claim for injunctive relief, no response is required because that claim was dismissed by the Court (ECF

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

01/16/2024 SL1 1969202v3 115260.00013

No. 72).  To the extent that a response is required, those allegations are denied and Defendants deny the remaining allegations contained in paragraph 15g of the SAC.

h.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second and third sentences of paragraph 15h of the SAC.  As to allegations concerning alleged unidentified deceptive advertising contained in the fourth and fifth sentences of paragraph 15h of the SAC, no response is required because that claim was dismissed by the Court (ECF No. 72).  To the extent a response is required, Defendants deny those allegations and deny all other allegations contained in the fourth and fifth sentences of paragraph 15h the SAC.  To the extent the allegations of "future" injury, contained in the sixth sentence of paragraph 15h of SAC, pertain to a claim for injunctive relief, no response is required because the claim for injunctive relief was dismissed by the Court (ECF No. 72).  To the extent a response to the allegations contained in the sixth sentence of the SAC is required, those allegations are denied and Defendants deny the remaining allegations contained in paragraph 15h of the SAC.

16.   ABUSA admits that it is a New York limited liability company located in Woodbury, New York.  Defendants deny the remaining allegations contained in paragraph 16 of the SAC.

17.   Hornell admits that it is a New York corporation located in Woodbury, New York. Defendants deny the remaining allegations contained in paragraph 17 of the SAC.

a.   Defendants deny the allegations contained in paragraph 17a of the SAC.

b.   As to the allegations concerning alleged unidentified deceptive advertising, no response is required because that claim was dismissed by the Court (EC No. 72). To the extent a response is required, those allegations are denied and Defendants deny the remaining allegations contained in paragraph 17b of the SAC.

c.   Defendants deny the allegations contained in paragraph 17c of the SAC.

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

01/16/2024 SL1 1969202v3 115260.00013

1    18.    With respect only to Plaintiff's allegations about reserving rights to amend, Defendants

2  are without knowledge or information sufficient to form a belief about the truth of those allegations

3  contained in paragraph 18 of the SAC.  Defendants deny the remaining allegations contained in

4  paragraph 18 of the SAC.

5    19.    Defendants are without knowledge or information sufficient to form a belief about the

6  truth of the allegations contained in paragraph 19 of the SAC.

7    20.    Defendants are without knowledge or information sufficient to form a belief about the

8  truth of the allegations contained in paragraph 20 of the SAC.

9    21.    Denied.

10    22.    Defendants are without knowledge or information sufficient to form a belief about the

11  truth of the allegations contained in paragraph 22 of the SAC.

12    23.    Denied.

13    24.    Denied.

14    25.    Defendants admit that the label depicted in paragraph 25 of the SAC includes the

15  statement "no preservatives" and deny the remaining allegations contained in paragraph 25 of the

16  SAC.

17    26.    Defendants are without knowledge or information sufficient to form a belief about the

18  truth of the allegations contained in paragraph 26 of the SAC.

19    27.    Defendants are without knowledge or information sufficient to form a belief about the

20  truth of the allegations contained in paragraph 27 of the SAC.

21    28.    Denied.

22    29.    Defendants are without knowledge or information sufficient to form a belief about the

23  truth of the allegations contained in paragraph 29 of the SAC.

24    30.    Defendants are without knowledge or information sufficient to form a belief about the

25  truth of the allegations contained in paragraph 30 of the SAC.

26    31.    Denied.

27    32.    Denied.

28
DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

01/16/2024 SL1 1969202v3 115260.00013

1      33.     Denied.

2      34.     To the extent the allegations about citric acid contained in paragraph 34 of the SAC

3 pertain to the citric acid in the product at issue in the SAC ("Product"), Defendants deny all allegations.

4 To the extent the allegations about citric acid do not pertain to the citric acid in the Product, Defendants

5 are without knowledge or information sufficient to form a belief about the truth of the allegations

6 contained in paragraph 34 of the SAC.

7      35.     Denied.

8      36.     Defendants are without knowledge or information sufficient to form a belief about the

9 truth of the allegations contained in paragraph 36 of the SAC.

10     37.     Denied.

11     38.     Denied.

12     39.     Defendants are without knowledge or information sufficient to form a belief about the

13 truth of the allegations contained in paragraph 39 of the SAC.

14     40.     Defendants are without knowledge or information sufficient to form a belief about the

15 truth of the allegations contained in paragraph 40 of the SAC.

16     41.     Defendants are without knowledge or information sufficient to form a belief about the

17 truth of the allegations contained in paragraph 41 of the SAC.

18     42.     Denied.

19     43.     Defendants are without knowledge or information sufficient to form a belief about the

20 truth of the allegations contained in paragraph 43 of the SAC.

21     44.     Denied.

22     45.     Denied.

23     46.     Denied.

24     47.     Defendants are without knowledge or information sufficient to form a belief about the

25 truth of the allegations contained in paragraph 47 of the SAC.

26     48.     Denied.

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

01/16/2024 SL1 1969202v3 115260.00013

49.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 49 of the SAC.

50.     Denied.

51.     Defendants deny the allegations contained in the first sentence in paragraph 51 of the SAC.  Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 51 of the SAC.

52.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in the first and second sentences in paragraph 52 of the SAC.  As to allegations concerning alleged unidentified deceptive advertising, contained in the third sentence of paragraph 52, no response is required because that claim was dismissed by the Court (ECF No. 72).  To the extent a response is required, that allegation is denied and Defendants deny the remaining allegations contained in paragraph 52 of the SAC.

53.     As to the allegations concerning alleged unidentified deceptive advertising, no response is required because that claim was dismissed by the Court (ECF No. 72).  To the extent a response is required, those allegations are denied and Defendants deny the remaining allegations contained in paragraph 53 of the SAC.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 59 of the SAC.

60.     Denied.

61.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations concerning products of "competitors" and "Mott's", that are referenced in paragraph 61 of the SAC.  Defendants deny any deceptive conduct and deny the remaining allegations

7

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1    contained in paragraph 61 of the SAC.

2         62.    Defendants are without knowledge or information sufficient to form a belief about the

3    truth of the allegations concerning products of a "competitor" and of "Annie's", that are referenced in

4    paragraph 62 of the SAC.  Defendants deny any fraudulent conduct and deny the remaining allegations

5    contained in paragraph 62 of the SAC.

6         63.    As to the allegations concerning alleged unidentified deceptive advertising, no

7    response is required because that claim was dismissed by the Court (ECF No. 72).  To the extent a

8    response is required, those allegations are denied and Defendants deny the remaining allegations

9    contained in paragraph 63 of the SAC.

10        64.    Denied.

11        65.    Denied.

12        66.    Denied.

13        67.    Denied.

14        68.    Denied.

15        69.    Denied.

16        70.    Denied.

17        71.    Defendants deny the allegations contained in paragraph 71, and 71a through 71f of the

18   SAC.

19        72.    Denied.

20        73.    Denied.

21        74.    Denied.

22        75.    Defendants are without knowledge or information sufficient to form a belief about the

23   truth of the allegations contained in the first sentence in paragraph 75 of the SAC.  Defendants deny

24   the remaining allegations contained in paragraph 75 of the SAC.

25        76.    Defendants are without knowledge or information sufficient to form a belief about the

26   truth of the allegations contained in paragraph 76, 76a, and 76b of the SAC.

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

01/16/2024 SL1 1969202v3 115260.00013

77.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 77 of the SAC.

78.     Defendants deny the allegations contained in paragraph 78 of the SAC.

79.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 79 of the SAC.  Defendants deny the allegations contained in paragraphs 79a through 79c of the SAC.  As to the allegations concerning injunctive relief at paragraph 79d of the SAC, no response is required because that claim was dismissed by the Court (ECF No. 72).  To the extent a response is required, those allegations are denied.  As to the allegations concerning breach of warranty at paragraph 79e of the SAC, as to Hornell, no response is required because that claim was dismissed by the Court (ECF No. 72).  To the extent a response is required, those allegations are denied by Defendants.  As to the allegations concerning damages at paragraph 79f of the SAC, as against Hornell under the CLRA, no response is required because that claim was dismissed by the Court (ECF No. 72).  To the extent a response is required, those allegations are denied by Defendants.  Defendants deny the remaining allegations contained in paragraphs 79, and 79a through 79f of the SAC.

80.     Denied.

81.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 81 of the SAC.

82.     Denied.

83.     Denied.

84.     Denied.

85.     As to the allegations concerning injunctive relief, no response is required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is required, those allegations are denied.  Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 85 of the SAC.

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

01/16/2024 SL1 1969202v3 115260.00013

1 **COUNT I**

2       86.     Defendants repeat and reassert their answers to the previous allegations as if fully set

3 forth herein at length.

4       87.     Defendants are without knowledge or information sufficient to form a belief about the

5 truth of the allegations contained in paragraph 87 of the SAC.

6       88.     Defendants are without knowledge or information sufficient to form a belief about the

7 truth of the allegations contained in paragraph 88 of the SAC.

8       89.     Defendants are without knowledge or information sufficient to form a belief about the

9 truth of the allegations contained in paragraph 89 of the SAC.

10       90.     Denied.

11       91.     As to the allegations concerning alleged unidentified deceptive advertising, no

12 response is required because those claims were dismissed by the Court (ECF No. 72).  To the extent

13 a response is required, those allegations are denied and Defendants deny the remaining allegations

14 contained in paragraph 91 of the SAC.

15       92.     Denied.

16       93.     Denied.

17       94.     As to the allegations concerning alleged unidentified deceptive advertising, no

18 response is required because that claim was dismissed by the Court (ECF No. 72).  To the extent a

19 response is required, those allegations are denied and Defendants deny the remaining allegations

20 contained in paragraph 94 of the SAC.

21       95.     Defendants are without knowledge or information sufficient to form a belief about the

22 truth of the allegations contained in paragraph 95 of the SAC.

23       96.     Denied.

24       97.     Defendants are without knowledge or information sufficient to form a belief about the

25 truth of the allegations contained in paragraph 97 of the SAC.

26       98.     Denied.

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

01/16/2024 SL1 1969202v3 115260.00013

1    99.    As to the allegations concerning alleged unidentified deceptive advertising, no

2    response is required because that claim was dismissed by the Court (ECF No. 72).  To the extent a

3    response is required, those allegations are denied and Defendants deny the remaining allegations

4    contained in paragraph 99 of the SAC.

5    100.    Denied.

6    101.    Denied.

7    102.    Denied.

8    103.    Denied.

9    104.    As to the allegations concerning injunctive relief and unidentified deceptive

10   advertising, no response is required because those claims were dismissed by the Court (ECF No. 72).

11   To the extent a response is required, those allegations are denied and Defendants deny the remaining

12   allegations contained in paragraph 104 of the SAC.

13   105.    Denied.

14   106.    Denied.

15   107.    As to the allegations concerning punitive damages under the UCL, no response is

16   required because that claim was dismissed by the Court (ECF No. 72).  To the extent a response is

17   required, those allegations are denied and Defendants deny the remaining allegations contained in

18   paragraph 107 of the SAC.

19   108.    Defendants are without knowledge or information sufficient to form a belief about the

20   truth of the allegations contained in paragraph 108 of the SAC.

21   109.    As to the allegations concerning unidentified deceptive advertising, no response is

22   required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

23   required, those allegations are denied and Defendants deny the remaining allegations contained in

24   paragraph 109 of the SAC.

25   110.    Denied.

26   111.    Denied.

27   112.    Denied.

28

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

01/16/2024 SL1 1969202v3 115260.00013

1    113.   Denied.

2    114.   Denied.

3    115.   As to the allegations concerning injunctive relief and unidentified deceptive

4    advertising, no response is required because those claims were dismissed by the Court (ECF No. 72).

5    To the extent a response is required, those allegations are denied and Defendants deny the remaining

6    allegations contained in paragraph 115 of the SAC.

7    116.   Denied.

8    117.   Denied.

9    118.   As to the allegations concerning punitive damages under the UCL, no response is

10   required because that claim was dismissed by the Court (ECF No. 72).  To the extent a response is

11   required, those allegations are denied and Defendants deny the remaining allegations contained in

12   paragraph 118 of the SAC.

13   119.   Defendants are without knowledge or information sufficient to form a belief about the

14   truth of the allegations contained in paragraph 119 of the SAC.

15   120.   As to the allegations concerning alleged unidentified deceptive advertising, no

16   response is required because that claim was dismissed by the Court (ECF No. 72).  To the extent a

17   response is required, those allegations are denied and Defendants deny the remaining allegations

18   contained in paragraph 120 of the SAC.

19   121.   As to the allegations concerning unidentified deceptive advertising, no response is

20   required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

21   required, those allegations are denied and Defendants deny the remaining allegations contained in

22   paragraph 121 of the SAC.

23   122.   Denied.

24   123.   Denied.

25   124.   Denied.

26   125.   Denied.

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

01/16/2024 SL1 1969202v3 115260.00013

1      126.    As to the allegations concerning injunctive relief and unidentified deceptive

2 advertising, no response is required because those claims were dismissed by the Court (ECF No. 72).

3 To the extent a response is required, those allegations are denied and Defendants deny the remaining

4 allegations contained in paragraph 126 of the SAC.

5      127.    Denied.

6      128.    Denied.

7      129.    As to the allegations concerning punitive damages under the UCL, no response is

8 required because that claim was dismissed by the Court (ECF No. 72).  To the extent a response is

9 required, those allegations are denied and Defendants deny the remaining allegations contained in

10 paragraph 129 of the SAC.

11      130.    As to the allegations concerning injunctive relief, no response is required because those

12 claims were dismissed by the Court (ECF No. 72).  To the extent a response is required, those

13 allegations are denied and Defendants deny the remaining allegations contained in paragraph 130 of

14 the SAC.

15         a.    Defendants deny the allegations contained in paragraph 130a of the SAC.

16             i.    Defendants are without knowledge or information sufficient to form a belief

17                 about the truth of the allegations contained in paragraph 130a(i) of the SAC.

18            ii.    Denied.

19           iii.    As to the allegations concerning injunctive relief, no response is required

20                 because those claims were dismissed by the Court (ECF No. 72).  To the

21                 extent a response is required, those allegations are denied and Defendants

22                 deny the remaining allegations contained in paragraph 130a(iii) of the SAC.

23           iv.    As to the allegations concerning injunctive relief, no response is required

24                 because those claims were dismissed by the Court (ECF No. 72).  To the

25                 extent a response is required, those allegations are denied and Defendants

26                 deny the remaining allegations contained in paragraph 130a(iv) of the SAC.

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1         v.  As to the allegations concerning injunctive relief, no response is required

2          because those claims were dismissed by the Court (ECF No. 72).  To the

3          extent a response is required, those allegations are denied and Defendants

4          deny the remaining allegations contained in paragraph 130a(v) of the SAC.

5         vi.  With respect only to Plaintiff's allegations about reserving rights to amend

6          and incomplete discovery, Defendants are without knowledge or

7          information sufficient to form a belief about the truth of those allegations

8          contained in paragraph 130a(vi) of the SAC.  Defendants deny the

9          remaining allegations contained in paragraph 130a(vi) of the SAC.

10   131.    Denied.

11   132.    Defendants are without knowledge or information sufficient to form a belief about the

12   truth of the allegations contained in paragraph 132 of the SAC.

13   **COUNT II**

14   133.    Defendants repeat and reassert their answers to the previous allegations as if fully set

15   forth herein at length.

16   134.    Defendants are without knowledge or information sufficient to form a belief about the

17   truth of the allegations contained in paragraph 134 of the SAC.

18   135.    Defendants are without knowledge or information sufficient to form a belief about the

19   truth of the allegations contained in paragraph 135 of the SAC.

20   136.    Denied.

21   137.    As to the allegations concerning unidentified deceptive advertising, no response is

22   required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

23   required, those allegations are denied and Defendants deny the remaining allegations contained in

24   paragraph 137 of the SAC.

25   138.    Denied.

26   139.    Denied.

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

01/16/2024 SL1 1969202v3 115260.00013

140. As to the allegations concerning injunctive relief, no response is required because those claims were dismissed by the Court (ECF No. 72). To the extent a response is required, those allegations are denied and Defendants deny the remaining allegations contained in paragraph 140 of the SAC.

    a. Defendants deny the allegations contained in paragraph 140a of the SAC.

        i. Denied.

        ii. As to the allegations concerning injunctive relief, no response is required because those claims were dismissed by the Court (ECF No. 72). To the extent a response is required, those allegations are denied and Defendants deny the remaining allegations contained in paragraph 140a(ii) of the SAC.

        iii. As to the allegations concerning injunctive relief, no response is required because those claims were dismissed by the Court (ECF No. 72). To the extent a response is required, those allegations are denied and Defendants deny the remaining allegations contained in paragraph 140a(iii) of the SAC.

        iv. With respect only to Plaintiff's allegations about reserving rights to amend and complete discovery, Defendants are without knowledge or information sufficient to form a belief about the truth of those allegations contained in paragraph 140a(iv) of the SAC. Defendants deny the remaining allegations contained in paragraph 140a(iv) of the SAC.

141. As to the allegations concerning unidentified deceptive advertising, no response is required because those claims were dismissed by the Court (ECF No. 72). To the extent a response is required, those allegations are denied and Defendants deny the remaining allegations contained in paragraph 141 of the SAC.

142. As to the allegations concerning unidentified deceptive advertising, no response is required because those claims were dismissed by the Court (ECF No. 72). To the extent a response is required, those allegations are denied and Defendants deny the remaining allegations contained in paragraph 142 of the SAC.

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

01/16/2024 SL1 1969202v3 115260.00013

1    143.    As to the allegations concerning injunctive relief, no response is required because those

2    claims were dismissed by the Court (ECF No. 72).  To the extent a response is required, those

3    allegations are denied and Defendants deny the remaining allegations contained in paragraph 143 of

4    the SAC.

5    144.    As to the allegations concerning punitive damages under the FAL, no response is

6    required because that claim was dismissed by the Court (ECF No. 72).  To the extent a response is

7    required, those allegations are denied and Defendants deny the remaining allegations contained in

8    paragraph 144 of the SAC.

9    145.    Denied.

10   ## COUNT III

11   146.    Defendants repeat and reassert their answers to the previous allegations as if fully set

12   forth herein at length.

13   147.    Defendants are without knowledge or information sufficient to form a belief about the

14   truth of the allegations contained in paragraph 147 of the SAC.

15   148.    Defendants are without knowledge or information sufficient to form a belief about the

16   truth of the allegations contained in paragraph 148 of the SAC.

17   149.    Defendants are without knowledge or information sufficient to form a belief about the

18   truth of the allegations contained in paragraph 149 of the SAC.

19   150.    Denied.

20   151.    Defendants are without knowledge or information sufficient to form a belief about the

21   truth of the allegations contained in paragraph 151 of the SAC.

22   152.    Defendants are without knowledge or information sufficient to form a belief about the

23   truth of the allegations contained in paragraph 152 of the SAC.

24   153.    Defendants are without knowledge or information sufficient to form a belief about the

25   truth of the allegations contained in paragraph 153 of the SAC.

26   154.    As to the allegations concerning unidentified deceptive advertising, no response is

27   required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

28

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

01/16/2024 SL1 1969202v3 115260.00013

1   required, those allegations are denied and Defendants deny the remaining allegations contained in

2   paragraph 154 of the SAC.

3       155.    As to the allegations concerning unidentified deceptive advertising, no response is

4   required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

5   required, those allegations are denied and Defendants deny the remaining allegations contained in

6   paragraph 155 of the SAC.

7       156.    As to the allegations concerning unidentified deceptive advertising, no response is

8   required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

9   required, those allegations are denied and Defendants deny the remaining allegations contained in

10  paragraph 156 of the SAC.

11      157.    As to the allegations concerning unidentified deceptive advertising, no response is

12  required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

13  required, those allegations are denied and Defendants deny the remaining allegations contained in

14  paragraph 157 of the SAC.

15      158.    As to the allegations concerning unidentified deceptive advertising, no response is

16  required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

17  required, those allegations are denied and Defendants deny the remaining allegations contained in

18  paragraph 158 of the SAC.

19      159.    Denied.

20      160.    Denied.

21      161.    As to the allegations concerning unidentified deceptive advertising, no response is

22  required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

23  required, those allegations are denied and Defendants deny the remaining allegations contained in

24  paragraph 161 of the SAC.

25      162.    As to the allegations concerning unidentified deceptive advertising, no response is

26  required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

01/16/2024 SL1 1969202v3 115260.00013

1    required, those allegations are denied and Defendants deny the remaining allegations contained in

2    paragraph 162 of the SAC.

3         163.    Defendants deny the allegations contained in paragraphs 163, and 163a through 163d

4    of the SAC.

5         164.    Denied.

6         165.    Denied.

7         166.    Denied.

8         167.    As to the allegations concerning alleged lost money, pertaining to the CLRA claim

9    against Hornell, no response is required because those claims were dismissed by the Court (ECF No.

10   72).  To the extent a response is required, those allegations are denied and Defendants deny the

11   remaining allegations contained in paragraph 167 of the SAC.

12        168.    As to the allegations concerning alleged lost money, pertaining to the CLRA claim

13   against Hornell, no response is required because those claims were dismissed by the Court (ECF No.

14   72).  To the extent a response is required, those allegations are denied and Defendants deny the

15   remaining allegations contained in paragraph 168 of the SAC.

16        169.    As to the allegations concerning injunctive relief, no response is required because those

17   claims were dismissed by the Court (ECF No. 72).   To the extent a response is required, those

18   allegations are denied and Defendants deny the remaining allegations contained in paragraph 169 of

19   the SAC.

20        170.    As to the allegations concerning injunctive relief, no response is required because those

21   claims were dismissed by the Court (ECF No. 72).   To the extent a response is required, those

22   allegations are denied and Defendants deny the remaining allegations contained in paragraph 170 of

23   the SAC.

24        171.    As to the allegations concerning injunctive relief, no response is required because those

25   claims were dismissed by the Court (ECF No. 72).   To the extent a response is required, those

26   allegations are denied and Defendants deny the remaining allegations contained in paragraph 171 of

27   the SAC.

28

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1    172.    As to the allegations concerning restitution and monetary damages, pertaining to the

2    CLRA claim against Hornell, no response is required because those claims were dismissed by the

3    Court (ECF No. 72). To the extent a response is required, those allegations are denied and Defendants

4    deny the remaining allegations contained in paragraph 172 of the SAC.

5        173.    Denied.

6        174.    As to the allegations concerning injunctive relief, no response is required because those

7    claims were dismissed by the Court (ECF No. 72).   To the extent a response is required, those

8    allegations are denied and Defendants deny the remaining allegations contained in paragraph 174 of

9    the SAC. Defendants deny the allegations contained in paragraph 174a of the SAC.   As to the

10   allegations concerning injunctive relief at paragraphs 174a(i) through (iii) of the SAC, no response is

11   required because those claims were dismissed by the Court (ECF No. 72).   To the extent a response is

12   required, those allegations are denied.   Defendants deny the allegations contained in paragraph

13   174a(iv) of the SAC and deny the remaining allegations contained in paragraphs 174, 174a and 174a(i)

14   through (iv) of the SAC.

15       175.    As to the allegations concerning notice to Hornell, pertaining to the CLRA damage

16   claims, no response is required because those claims were dismissed by the Court (ECF No. 72).   To

17   the extent a response is required, those allegations are denied and Defendants deny the remaining

18   allegations contained in paragraph 175 of the SAC.

19       176.    Denied.

20                                          **COUNT IV**

21       177.    Defendants repeat and reassert their answers to the previous allegations as if fully set

22   forth herein at length.

23       178.    Denied.

24       179.    Denied.

25       180.    Denied.

26       181.    Denied.

27       182.    Denied.

28
                                               19
                    DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

01/16/2024 SL1 1969202v3 115260.00013

1    183.    Denied.

2    184.    Denied.

3    **COUNT V**

4    185.    Defendants repeat and reassert their answers to the previous allegations as if fully set

5    forth herein at length.

6    186.    As to the allegations concerning breach of warranty, as against Hornell, no response is

7    required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

8    required, those allegations are denied and Defendants deny the remaining allegations contained in

9    paragraph 186 of the SAC.

10    187.    As to the allegations concerning breach of warranty, as against Hornell, no response is

11    required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

12    required, those allegations are denied and Defendants deny the remaining allegations contained in

13    paragraph 187 of the SAC.

14    188.    As to the allegations concerning breach of warranty, as against Hornell, no response is

15    required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

16    required, those allegations are denied and Defendants deny the remaining allegations contained in

17    paragraph 188 of the SAC.

18    189.    As to the allegations concerning breach of warranty, as against Hornell, no response is

19    required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

20    required, those allegations are denied and Defendants deny the remaining allegations contained in

21    paragraph 189 of the SAC.

22    190.    As to the allegations concerning breach of warranty, as against Hornell, no response is

23    required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

24    required, those allegations are denied and Defendants deny the remaining allegations contained in

25    paragraph 190 of the SAC.

26    191.    As to the allegations concerning breach of warranty, as against Hornell, no response is

27    required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

28

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1    required, those allegations are denied and Defendants deny the remaining allegations contained in

2    paragraph 191 of the SAC.

3          192.    As to the allegations concerning breach of warranty, as against Hornell, no response is

4    required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

5    required, those allegations are denied and Defendants deny the remaining allegations contained in

6    paragraph 192 of the SAC.

7                                              **COUNT VI**

8          193.    Defendants repeat and reassert their answers to the previous allegations as if fully set

9    forth herein at length.

10          194.    As to the allegations concerning breach of warranty, as against Hornell, no response is

11    required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

12    required, those allegations are denied and Defendants deny the remaining allegations contained in

13    paragraph 194 of the SAC.

14          195.    As to the allegations concerning breach of warranty, as against Hornell, no response is

15    required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

16    required, those allegations are denied and Defendants deny the remaining allegations contained in

17    paragraph 195 of the SAC.

18          196.    As to the allegations concerning breach of warranty, as against Hornell, no response is

19    required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

20    required, those allegations are denied and Defendants deny the remaining allegations contained in

21    paragraph 196 of the SAC.

22          197.    As to the allegations concerning breach of warranty, as against Hornell, no response is

23    required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

24    required, those allegations are denied and Defendants deny the remaining allegations contained in

25    paragraph 197 of the SAC.

26          198.    As to the allegations concerning breach of warranty, as against Hornell, no response is

27    required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

28

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

01/16/2024 SL1 1969202v3 115260.00013

1    required, those allegations are denied and Defendants deny the remaining allegations contained in

2    paragraph 198 of the SAC.

3         199.    As to the allegations concerning breach of warranty, as against Hornell, no response is

4    required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

5    required, those allegations are denied and Defendants deny the remaining allegations contained in

6    paragraph 199 of the SAC.

7         200.    As to the allegations concerning breach of warranty, as against Hornell, no response is

8    required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

9    required, those allegations are denied and Defendants deny the remaining allegations contained in

10   paragraph 200 of the SAC.

11        201.    As to the allegations concerning breach of warranty, as against Hornell, no response is

12   required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

13   required, those allegations are denied and Defendants deny the remaining allegations contained in

14   paragraph 201 of the SAC.

15        202.    As to the allegations concerning breach of warranty, as against Hornell, no response is

16   required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

17   required, those allegations are denied and Defendants deny the remaining allegations contained in

18   paragraph 202 of the SAC.

19        203.    As to the allegations concerning breach of warranty, as against Hornell, no response is

20   required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

21   required, those allegations are denied and Defendants deny the remaining allegations contained in

22   paragraph 203 of the SAC.

23        204.    As to the allegations concerning breach of warranty, as against Hornell, no response is

24   required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is

25   required, those allegations are denied and Defendants deny the remaining allegations contained in

26   paragraph 204 of the SAC.

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

205.     As to the allegations concerning breach of warranty, as against Hornell, no response is required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is required, those allegations are denied and Defendants deny the remaining allegations contained in paragraph 205 of the SAC.

206.     As to the allegations concerning breach of warranty, as against Hornell, no response is required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is required, those allegations are denied and Defendants deny the remaining allegations contained in paragraph 206 of the SAC.

207.     As to the allegations concerning injunctive relief, no response is required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is required, those allegations are denied.  As to the allegations concerning breach of warranty, as against Hornell, no response is required because those claims were dismissed by the Court (ECF No. 72).  To the extent a response is required, those allegations are denied and Defendants deny the remaining allegations contained in paragraph 207 of the SAC.

## PLAINTIFF'S HEADINGS IN THE SAC

As to Plaintiff's headings contained in the SAC, Defendants respond that those portions of the SAC do not contain any allegations to which a response is required.  To the extent a response is required, Defendants deny each and every assertion in these headings including, but not limited to, the statements in the SAC at:  pages 1, 3, 4, 6 (heading A); 9 (heading B); 10 (heading C); 11 (heading D); 13 (heading E); 14 (heading F); 15 (heading G); 17 (heading H); and 18 (heading I).

## PLAINTIFF'S PRAYER FOR RELIEF

Answering the "Prayer for Relief" section of the SAC, Defendants respond that this section does not contain any allegations to which a response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought in the SAC.

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

01/16/2024 SL1 1969202v3 115260.00013

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The SAC, and each and every count or cause of action therein, fails to state facts sufficient to constitute any claim or cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are time-barred to the extent that the alleged conduct took place outside of the applicable limitations periods which vary by claim.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff and the putative classes she purports to represent are estopped by their conduct or that of their agent(s), from recovering any relief by the SAC or any purported claim or cause of action contained therein.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

By their conduct, Plaintiff and the putative classes she purports to represent have waived any right to recover any relief sought in the SAC, or any purported claim or cause of action alleged therein.

### FIFTH AFFIRMATIVE DEFENSE
### (Laches)

The SAC is barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
### (Primary Jurisdiction)

Some or all of Plaintiff's claims and causes of action are barred by the doctrine of primary jurisdiction in that the Plaintiff's claims raise issues that should be addressed in the first instance by the United States Food and Drug Administration.

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

01/16/2024 SL1 1969202v3 115260.00013

### SEVENTH AFFIRMATIVE DEFENSE
**(Preemption)**

Some or all of Plaintiff's claims and causes of action are preempted by applicable federal law and/or federal regulations.

### EIGHTH AFFIRMATIVE DEFENSE
**(Lack of Standing)**

Plaintiff and some, or all, of the putative classes she purports to represent lack standing to assert the claims or causes of action asserted in the SAC.

### NINTH AFFIRMATIVE DEFENSE
**(Safe Harbor)**

Some or all of the Plaintiff's claims and causes of action are barred by the safe harbor doctrine.

### TENTH AFFIRMATIVE DEFENSE
**(Good Faith Under Cal. Civ. Code § 1782))**

Some or all of the Plaintiff's claims and causes of action are barred under the defense of good faith set forth in Cal. Civ. Code § 1782(e).

### ELEVENTH AFFIRMATIVE DEFENSE
**(Adequate Remedy at Law)**

The claims or causes of action of Plaintiff, which seek equitable remedies, are barred in light of the fact that Plaintiff has an adequate remedy at law.

### TWELFTH AFFIRMATIVE DEFENSE
**(Good Faith)**

Any conduct or actions undertaken by or on behalf of Defendants regarding the allegations in the SAC, if any, were undertaken in good faith, were reasonable, and lacked malice.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Superseding or Intervening Cause)**

Defendants are informed and believe, and thereon allege, that any and all damages, if any, sustained by Plaintiff were proximately caused, contributed to or aggravated by the acts or omissions of Plaintiff, or other persons or entities for which Defendants are neither responsible nor liable.  Said acts or omissions were an intervening and/or superseding cause of damages, if any, thus barring Plaintiff from any recovery against Defendants.

1
2

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Voluntary Payment)

Plaintiff's claims are barred by the doctrine of voluntary payment.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Conduct Not Unfair)

Some or all of Plaintiff's claims and causes of action are barred because Defendants' conduct was not unfair.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Conduct Not Misleading and/or Fraudulent)

Some or all of Plaintiff's claims and causes of action are barred because the conduct alleged was not likely to mislead and/or was not fraudulent.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Disclosure)

Plaintiff's CLRA claims are barred by the doctrine of disclosure.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Lack of Notice/Breach of Warranty)

Plaintiff's warranty claims are barred by lack of adequate pre-suit notice.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Lack of Notice/CLRA Claim)

Plaintiff's CLRA claims are barred by lack of pre-suit notice.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Lack of Privity)

Plaintiff's warranty claims are barred by lack of privity.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Res Judicata)

Some of Plaintiff's claims are barred by the doctrine of res judicata.

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

01/16/2024 SL1 1969202v3 115260.00013

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (To the Extent Sought, Punitive Damages Are Not Recoverable)

Plaintiff's SAC, to the extent that it seeks punitive or exemplary damages, violates Defendants' right to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution and violates Defendants; right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and therefore fails to state a claim upon which either punitive or exemplary damages can be awarded.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff and the class of persons Plaintiff purports to represent failed to mitigate their damages, if any, in the manner and to the extent required by law, and Plaintiff's recovery, if any, must be reduced in proportion to the amount attributable to Plaintiff's failure to mitigate damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

Defendants have insufficient information available upon which to form a belief as to whether it has available additional, as yet unstated, affirmative defenses.  Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, Defendants demand judgment as follows:

1.      That Plaintiff and the putative classes take nothing by their SAC;

2.      That Plaintiff's SAC be dismissed in its entirety, with prejudice;

3.      That judgment be entered against Plaintiff and in favor of Defendants;

4.      That Defendants recover its costs of suit herein, including their reasonable attorneys' fees as allowed by law or statute; and

5.      That the Court award such other and further relief as it deems appropriate.

Dated:  January 16, 2024

Respectfully submitted,
/s/ Robert P. Donovan
ROBERT P. DONOVAN

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STEVENS & LEE
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone: (201) 857-6778
Facsimile: (201) 857-6761

-and-

WILLENKEN LLP
Jason H. Wilson, Esq. (ID No. 140269)
Kirby Hsu, Esq. (ID No. 312535)
707 Wilshire Boulevard, Suite 3850
Los Angeles, California 90017
Telephone No.: (213) 955-8020
Facsimile No.:  (213) 955-9250
jwilson@willenken.com
khsu@willenken.com

*Attorneys for Defendants,*
*Arizona Beverages USA LLC and*
*Hornell Brewing Co., Inc.*

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

01/16/2024 SL1 1969202v3 115260.00013